# UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

CLAUDIA RUSS ANDERSON,

*Petitioner*,

v.

OFFICE OF THE COMPTROLLER OF THE CURRENCY,

*Respondent*.

On Petition for Review of the Final Decision of the Comptroller of the Currency
No. AA-EC-2019-81

## STATUTORY ADDENDUM OF RESPONDENT OFFICE OF THE COMPTROLLER OF THE CURRENCY

STUART FELDSTEIN, Acting Principal Deputy Chief Counsel
PATRICIA S. GRADY, Deputy Chief Counsel
PETER C. KOCH, Director for Litigation
DANIEL PRIEVE, Counsel
HANNAH HICKS, Counsel
DERICK FONG, Attorney
KRISTIN M. MCMANUS, Attorney
Attorneys for Respondent Office of the Comptroller of the Currency
400 7th Street S.W.
Washington, D.C. 20219
202-860-4306

i

# TABLE OF CONTENTS

5 U.S.C. § 554 ........................................................................................ 1

5 U.S.C. § 706 ........................................................................................ 3

12 U.S.C. § 1 .......................................................................................... 4

12 U.S.C. § 481 ...................................................................................... 5

12 U.S.C. § 1818 .................................................................................... 7

12 U.S.C. § 1818 note .......................................................................... 48

    Historical Notes ................................................................................ 48

        Revision Notes and Legislative Reports ...................................... 48

        References in Text ........................................................................ 49

        Codifications ................................................................................ 50

        Amendments ................................................................................ 50

        Effective and Applicability Provisions ........................................ 68

        Sunset Provisions ........................................................................ 69

        Change of Name .......................................................................... 70

        Repeals ........................................................................................ 70

        Savings Provisions ...................................................................... 70

        Severability of Provisions ........................................................... 70

        Prior Provisions .......................................................................... 71

    Statutory Notes .................................................................................. 71

        Transfer Date Defined ................................................................. 71

        Designated Transfer Date Defined .............................................. 71

        Abolition of Reconstruction Finance Corporation ...................... 71

        Conditions Governing Employment of Personnel Not Repealed, Modified, or Affected .................................................................. 72

        Credit Standards Advisory Committee ........................................ 72

        Improved Administrative Hearings and Procedures for Federal Banking Agencies and National Credit Union Administration Board ......................... 74

        Task Force Study of Delegation of Enforcement Actions ........... 74

Appellate Case: 25-1079   Page: 2   Date Filed: 07/21/2025 Entry ID: 5539506

12 U.S.C. § 1820(d) ...................................................................75

18 U.S.C. § 1001 ......................................................................78

18 U.S.C. § 1517 ......................................................................79

18 U.S.C. § 1621 ......................................................................80

28 U.S.C. § 2461 ......................................................................81

28 U.S.C. § 2461 note ..............................................................82

    Historical Notes ...................................................................82

        Revision Notes and Legislative Reports ...........................82

        References in Text ..........................................................83

        Amendments ..................................................................84

        Effective and Applicability Provisions ...........................84

    Statutory Notes ....................................................................84

        Federal Civil Penalties Inflation Adjustment .................84

12 C.F.R. § 4.2 .........................................................................90

12 C.F.R. § 19.5 .......................................................................91

12 C.F.R. § 19.29 .....................................................................92

12 C.F.R. § 19.39 .....................................................................94

12 C.F.R. § 19.40 .....................................................................95

iii

## 5 U.S.C. § 554
## Adjudications

**(a)** This section applies, according to the provisions thereof, in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing, except to the extent that there is involved--

> **(1)** a matter subject to a subsequent trial of the law and the facts de novo in a court;

> **(2)** the selection or tenure of an employee, except a[1] administrative law judge appointed under section 3105 of this title;

> **(3)** proceedings in which decisions rest solely on inspections, tests, or elections;

> **(4)** the conduct of military or foreign affairs functions;

> **(5)** cases in which an agency is acting as an agent for a court; or

> **(6)** the certification of worker representatives.

**(b)** Persons entitled to notice of an agency hearing shall be timely informed of--

> **(1)** the time, place, and nature of the hearing;

> **(2)** the legal authority and jurisdiction under which the hearing is to be held; and

> **(3)** the matters of fact and law asserted.

When private persons are the moving parties, other parties to the proceeding shall give prompt notice of issues controverted in fact or law; and in other instances agencies may by rule require responsive pleading. In fixing the time and place for hearings, due regard shall be had for the convenience and necessity of the parties or their representatives.

**(c)** The agency shall give all interested parties opportunity for--

> **(1)** the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment when time, the nature of the proceeding, and the public interest permit; and

> **(2)** to the extent that the parties are unable so to determine a controversy by consent, hearing and decision on notice and in accordance with sections 556 and 557 of this title.

---

[1] So in original.

1

**(d)** The employee who presides at the reception of evidence pursuant to section 556 of this title shall make the recommended decision or initial decision required by section 557 of this title, unless he becomes unavailable to the agency. Except to the extent required for the disposition of ex parte matters as authorized by law, such an employee may not--

> **(1)** consult a person or party on a fact in issue, unless on notice and opportunity for all parties to participate; or

> **(2)** be responsible to or subject to the supervision or direction of an employee or agent engaged in the performance of investigative or prosecuting functions for an agency.

An employee or agent engaged in the performance of investigative or prosecuting functions for an agency in a case may not, in that or a factually related case, participate or advise in the decision, recommended decision, or agency review pursuant to section 557 of this title, except as witness or counsel in public proceedings. This subsection does not apply--

> **(A)** in determining applications for initial licenses;

> **(B)** to proceedings involving the validity or application of rates, facilities, or practices of public utilities or carriers; or

> **(C)** to the agency or a member or members of the body comprising the agency.

**(e)** The agency, with like effect as in the case of other orders, and in its sound discretion, may issue a declaratory order to terminate a controversy or remove uncertainty.

2

# 5 U.S.C. § 706
## Scope of Review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be-

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

3

# 12 U.S.C. § 1
## Office of the Comptroller of the Currency

**(a) Office of the Comptroller of the Currency established**

There is established in the Department of the Treasury a bureau to be known as the "Office of the Comptroller of the Currency" which is charged with assuring the safety and soundness of, and compliance with laws and regulations, fair access to financial services, and fair treatment of customers by, the institutions and other persons subject to its jurisdiction.

**(b) Comptroller of the Currency**

**(1) In general**

The chief officer of the Office of the Comptroller of the Currency shall be known as the Comptroller of the Currency. The Comptroller of the Currency shall perform the duties of the Comptroller of the Currency under the general direction of the Secretary of the Treasury. The Secretary of the Treasury may not delay or prevent the issuance of any rule or the promulgation of any regulation by the Comptroller of the Currency, and may not intervene in any matter or proceeding before the Comptroller of the Currency (including agency enforcement actions), unless otherwise specifically provided by law.

**(2) Additional authority**

The Comptroller of the Currency shall have the same authority with respect to functions transferred to the Comptroller of the Currency under the Enhancing Financial Institution Safety and Soundness Act of 2010 as was vested in the Director of the Office of Thrift Supervision on the transfer date, as defined in section 311 of that Act.

Appellate Case: 25-1079     Page: 7     Date Filed: 07/21/2025 Entry ID: 5539506

# 12 U.S.C. § 481
## Appointment of examiners; examination of member banks, State banks, and trust companies; reports

The Comptroller of the Currency, with the approval of the Secretary of the Treasury, shall appoint examiners who shall examine every national bank as often as the Comptroller of the Currency shall deem necessary. The examiner making the examination of any national bank shall have power to make a thorough examination of all the affairs of the bank and in doing so he shall have power to administer oaths and to examine any of the officers and agents thereof under oath and shall make a full and detailed report of the condition of said bank to the Comptroller of the Currency: *Provided,* That in making the examination of any national bank the examiners shall include such an examination of the affairs of all its affiliates other than member banks as shall be necessary to disclose fully the relations between such bank and such affiliates and the effect of such relations upon the affairs of such bank; and in the event of the refusal to give any information required in the course of the examination of any such affiliate, or in the event of the refusal to permit such examination, all the rights, privileges, and franchises of the bank shall be subject to forfeiture in accordance with section 2 of the Federal Reserve Act, as amended (U.S.C., Title 12, secs. 141, 222-225, 281-286, and 502). The Comptroller of the Currency shall have power, and he is authorized, to publish the report of his examination of any national banking association or affiliate which shall not within one hundred and twenty days after notification of the recommendations or suggestions of the Comptroller, based on said examination, have complied with the same to his satisfaction. Ninety days' notice prior to such publicity shall be given to the bank or affiliate.

The examiner making the examination of any affiliate of a national bank shall have power to make a thorough examination of all the affairs of the affiliate, and in doing so he shall have power to administer oaths and to examine any of the officers, directors, employees, and agents thereof under oath and to make a report of his findings to the Comptroller of the Currency. If any affiliate of a national bank refuses to pay any assessments, fees, or other charges imposed by the Comptroller of the Currency pursuant to this subchapter or fails to make such payment not later than 60 days after the date on which they are imposed, the Comptroller of the Currency may impose such assessments, fees, or charges against the affiliated national bank, and such assessments, fees, or charges shall be paid by such national bank. If the affiliation is with 2 or more national banks, such assessments, fees, or charges may be imposed on, and collected from, any or all of such national banks in such proportions as the Comptroller of the Currency may prescribe. The examiners and assistant examiners making the examinations of

Appellate Case: 25-1079     Page: 8     Date Filed: 07/21/2025 Entry ID: 5539506

national banking associations and affiliates thereof herein provided for and the chief examiners, reviewing examiners and other persons whose services may be required in connection with such examinations or the reports thereof, shall be employed by the Comptroller of the Currency with the approval of the Secretary of the Treasury; the employment and compensation of examiners, chief examiners, reviewing examiners, assistant examiners, and of the other employees of the office of the Comptroller of the Currency whose compensation is and shall be paid from assessments on banks or affiliates thereof or from other fees or charges imposed pursuant to this subchapter shall be set and adjusted subject to chapter 71 of Title 5 and without regard to the provisions of other laws applicable to officers or employees of the United States. The funds derived from such assessments, fees, or charges may be deposited by the Comptroller of the Currency in accordance with the provisions of section 192 of this title and shall not be construed to be Government funds or appropriated monies; and the Comptroller of the Currency is authorized and empowered to prescribe regulations governing the computation and assessment of the expenses of examinations herein provided for and the collection of such assessments from the banks and/or affiliates examined or of other fees or charges imposed pursuant to this subchapter. Such funds shall not be subject to apportionment for the purpose of chapter 15 of Title 31 or under any other authority. If any affiliate of a national bank shall refuse to permit an examiner to make an examination of the affiliate or shall refuse to give any information required in the course of any such examination, the national bank with which it is affiliated shall be subject to a penalty of not more than $5,000 for each day that any such refusal shall continue. Such penalty may be assessed by the Comptroller of the Currency and collected in the same manner as expenses of examinations. The Comptroller of the Currency, upon the request of the Board of Governors of the Federal Reserve System, is authorized to assign examiners appointed under this subchapter to examine foreign operations of State banks which are members of the Federal Reserve System.

6

## 12 U.S.C. § 1818
## Termination of status as insured depository institution

**(a) Termination of insurance**

### (1) Voluntary termination

Any insured depository institution which is not—

> **(A)** a national member bank;

> **(B)** a State member bank;

> **(C)** a Federal branch;

> **(D)** a Federal savings association; or

> **(E)** an insured branch which is required to be insured under subsection (a) or (b)[2] of section 3104 of this title,

may terminate such depository institution's status as an insured depository institution if such insured institution provides written notice to the Corporation of the institution's intent to terminate such status not less than 90 days before the effective date of such termination.

### (2) Involuntary termination

#### (A) Notice to primary regulator

If the Board of Directors determines that—

> **(i)** an insured depository institution or the directors or trustees of an insured depository institution have engaged or are engaging in unsafe or unsound practices in conducting the business of the depository institution;

> **(ii)** an insured depository institution is in an unsafe or unsound condition to continue operations as an insured institution; or

> **(iii)** an insured depository institution or the directors or trustees of the insured institution have violated any applicable law, regulation, order, condition imposed in writing by the Corporation in connection with the approval of any application or other request by the insured depository institution, or written agreement entered into between the insured depository institution and the Corporation,

---

[2] See References in Text note below.

7

the Board of Directors shall notify the appropriate Federal banking agency with respect to such institution (if other than the Corporation) or the State banking supervisor of such institution (if the Corporation is the appropriate Federal banking agency) of the Board's determination and the facts and circumstances on which such determination is based for the purpose of securing the correction of such practice, condition, or violation. Such notice shall be given to the appropriate Federal banking agency not less than 30 days before the notice required by subparagraph (B), except that this period for notice to the appropriate Federal banking agency may be reduced or eliminated with the agreement of such agency.

**(B) Notice of intention to terminate insurance**

If, after giving the notice required under subparagraph (A) with respect to an insured depository institution, the Board of Directors determines that any unsafe or unsound practice or condition or any violation specified in such notice requires the termination of the insured status of the insured depository institution, the Board shall—

> **(i)** serve written notice to the insured depository institution of the Board's intention to terminate the insured status of the institution;

> **(ii)** provide the insured depository institution with a statement of the charges on the basis of which the determination to terminate such institution's insured status was made (or a copy of the notice under subparagraph (A)); and

> **(iii)** notify the insured depository institution of the date (not less than 30 days after notice under this subparagraph) and place for a hearing before the Board of Directors (or any person designated by the Board) with respect to the termination of the institution's insured status.

**(3) Hearing; termination**

If, on the basis of the evidence presented at a hearing before the Board of Directors (or any person designated by the Board for such purpose), in which all issues shall be determined on the record pursuant to section 554 of title 5 and the written findings of the Board of Directors (or such person) with respect to such evidence (which shall be conclusive), the Board of Directors finds that any unsafe or unsound practice or condition or

8

any violation specified in the notice to an insured depository institution under paragraph (2)(B) or subsection (w) has been established, the Board of Directors may issue an order terminating the insured status of such depository institution effective as of a date subsequent to such finding.

**(4) Appearance; consent to termination**

Unless the depository institution shall appear at the hearing by a duly authorized representative, it shall be deemed to have consented to the termination of its status as an insured depository institution and termination of such status thereupon may be ordered.

**(5) Judicial review**

Any insured depository institution whose insured status has been terminated by order of the Board of Directors under this subsection shall have the right of judicial review of such order only to the same extent as provided for the review of orders under subsection (h) of this section.

**(6) Publication of notice of termination**

The Corporation may publish notice of such termination and the depository institution shall give notice of such termination to each of its depositors at his last address of record on the books of the depository institution, in such manner and at such time as the Board of Directors may find to be necessary and may order for the protection of depositors.

**(7) Temporary insurance of deposits insured as of termination**

After the termination of the insured status of any depository institution under the provisions of this subsection, the insured deposits of each depositor in the depository institution on the date of such termination, less all subsequent withdrawals from any deposits of such depositor, shall continue for a period of at least 6 months or up to 2 years, within the discretion of the Board of Directors, to be insured, and the depository institution shall continue to pay to the Corporation assessments as in the case of an insured depository institution during such period. No additions to any such deposits and no new deposits in such depository institution made after the date of such termination shall be insured by the Corporation, and the depository institution shall not advertise or hold itself out as having insured deposits unless in the same connection it shall also state with equal prominence that such additions to deposits and new deposits made after such date are not so insured. Such depository institution shall, in all other respects, be subject to the duties and obligations of an insured depository

9

institution for the period referred to in the 1st sentence from the date of such termination, and in the event that such depository institution shall be closed on account of inability to meet the demands of its depositors within such period, the Corporation shall have the same powers and rights with respect to such depository institution as in case of an insured depository institution.

**(8) Temporary suspension of insurance**

**(A) In general**

If the Board of Directors initiates a termination proceeding under paragraph (2), and the Board of Directors, after consultation with the appropriate Federal banking agency, finds that an insured depository institution (other than a savings association to which subparagraph (B) applies) has no tangible capital under the capital guidelines or regulations of the appropriate Federal banking agency, the Corporation may issue a temporary order suspending deposit insurance on all deposits received by the institution.

**(B) Special rule for certain savings institutions**

**(i) Certain goodwill included in tangible capital**

In determining the tangible capital of a savings association for purposes of this paragraph, the Board of Directors shall include goodwill to the extent it is considered a component of capital under section 1464(t) of this title. Any savings association which would be subject to a suspension order under subparagraph (A) but for the operation of this subparagraph, shall be considered by the Corporation to be a "special supervisory association".

**(ii) Suspension order**

The Corporation may issue a temporary order suspending deposit insurance on all deposits received by a special supervisory association whenever the Board of Directors determines that—

**(I)** the capital of such association, as computed utilizing applicable accounting standards, has suffered a material decline;

10

**(II)** that such association (or its directors or officers) is engaging in an unsafe or unsound practice in conducting the business of the association;

**(III)** that such association is in an unsafe or unsound condition to continue operating as an insured association; or

**(IV)** that such association (or its directors or officers) has violated any applicable law, rule, regulation, or order, or any condition imposed in writing by a Federal banking agency, or any written agreement including a capital improvement plan entered into with any Federal banking agency, or that the association has failed to enter into a capital improvement plan which is acceptable to the Corporation within the time period set forth in section 1464(t) of this title.

Nothing in this paragraph limits the right of the Corporation or the Comptroller of the Currency to enforce a contractual provision which authorizes the Corporation or the Comptroller of the Currency, as a successor to the Federal Savings and Loan Insurance Corporation or the Federal Home Loan Bank Board, to require a savings association to write down or amortize goodwill at a faster rate than otherwise required under this chapter or under applicable accounting standards.

### (C) Effective period of temporary order

Any order issued under subparagraph (A) shall become effective not earlier than 10 days from the date of service upon the institution and, unless set aside, limited, or suspended by a court in proceedings authorized hereunder, such temporary order shall remain effective and enforceable until an order of the Board under paragraph (3) becomes final or until the Corporation dismisses the proceedings under paragraph (3).

### (D) Judicial review

Before the close of the 10-day period beginning on the date any temporary order has been served upon an insured depository institution under subparagraph (A), such institution may apply to the United States District Court for the District of Columbia, or the United States district court for the judicial district in which the home

office of the institution is located, for an injunction setting aside, limiting, or suspending the enforcement, operation, or effectiveness of such order, and such court shall have jurisdiction to issue such injunction.

**(E) Continuation of insurance for prior deposits**

The insured deposits of each depositor in such depository institution on the effective date of the order issued under this paragraph, minus all subsequent withdrawals from any deposits of such depositor, shall continue to be insured, subject to the administrative proceedings as provided in this chapter.

**(F) Publication of order**

The depository institution shall give notice of such order to each of its depositors in such manner and at such times as the Board of Directors may find to be necessary and may order for the protection of depositors.

**(G) Notice by Corporation**

If the Corporation determines that the depository institution has not substantially complied with the notice to depositors required by the Board of Directors, the Corporation may provide such notice in such manner as the Board of Directors may find to be necessary and appropriate.

**(H) Lack of notice** Notwithstanding subparagraph (A), any deposit made after the effective date of a suspension order issued under this paragraph shall remain insured to the extent that the depositor establishes that—

> **(i)** such deposit consists of additions made by automatic deposit the depositor was unable to prevent; or

> **(ii)** such depositor did not have actual knowledge of the suspension of insurance.

**(9) Final decisions to terminate insurance**

Any decision by the Board of Directors to—

> **(A)** issue a temporary order terminating deposit insurance; or

> **(B)** issue a final order terminating deposit insurance (other than under subsection (p) or (q));

12

shall be made by the Board of Directors and may not be delegated.

**(10) Low- to moderate-income housing lender**

In making any determination regarding the termination of insurance of a solvent savings association, the Corporation may consider the extent of the association's low- to moderate-income housing loans.

**(b) Cease-and-desist proceedings**

**(1)** If, in the opinion of the appropriate Federal banking agency, any insured depository institution, depository institution which has insured deposits, or any institution-affiliated party is engaging or has engaged, or the agency has reasonable cause to believe that the depository institution or any institution-affiliated party is about to engage, in an unsafe or unsound practice in conducting the business of such depository institution, or is violating or has violated, or the agency has reasonable cause to believe that the depository institution or any institution-affiliated party is about to violate, a law, rule, or regulation, or any condition imposed in writing by a Federal banking agency in connection with any action on any application, notice, or other request by the depository institution or institution-affiliated party, or any written agreement entered into with the agency, the appropriate Federal banking agency for the depository institution may issue and serve upon the depository institution or such party a notice of charges in respect thereof. The notice shall contain a statement of the facts constituting the alleged violation or violations or the unsafe or unsound practice or practices, and shall fix a time and place at which a hearing will be held to determine whether an order to cease and desist therefrom should issue against the depository institution or the institution-affiliated party. Such hearing shall be fixed for a date not earlier than thirty days nor later than sixty days after service of such notice unless an earlier or a later date is set by the agency at the request of any party so served. Unless the party or parties so served shall appear at the hearing personally or by a duly authorized representative, they shall be deemed to have consented to the issuance of the cease-and-desist order. In the event of such consent, or if upon the record made at any such hearing, the agency shall find that any violation or unsafe or unsound practice specified in the notice of charges has been established, the agency may issue and serve upon the depository institution or the institution-affiliated party an order to cease and desist from any such violation or practice. Such order may, by provisions which may be mandatory or otherwise, require the depository institution or its institution-affiliated parties to cease and desist from the same, and, further, to take

13

affirmative action to correct the conditions resulting from any such violation or practice.

**(2)** A cease-and-desist order shall become effective at the expiration of thirty days after the service of such order upon the depository institution or other person concerned (except in the case of a cease-and-desist order issued upon consent, which shall become effective at the time specified therein), and shall remain effective and enforceable as provided therein, except to such extent as it is stayed, modified, terminated, or set aside by action of the agency or a reviewing court.

**(3)** This subsection, subsections (c) through (s) and subsection (u) of this section, and section 1831aa of this title shall apply to any bank holding company, and to any subsidiary (other than a bank) of a bank holding company, as those terms are defined in the Bank Holding Company Act of 1956 [12 U.S.C. 1841 et seq.], any savings and loan holding company and any subsidiary (other than a depository institution) of a savings and loan holding company (as such terms are defined in section 1467a of this title)) [3], any noninsured State member bank and to any organization organized and operated under section 25(a) [1] of the Federal Reserve Act [12 U.S.C. 611 et seq.] or operating under section 25 of the Federal Reserve Act [12 U.S.C. 601 et seq.], in the same manner as they apply to a State member insured bank. Nothing in this subsection or in subsection (c) of this section shall authorize any Federal banking agency, other than the Board of Governors of the Federal Reserve System, to issue a notice of charges or cease-and-desist order against a bank holding company or any subsidiary thereof (other than a bank or subsidiary of that bank) or against a savings and loan holding company or any subsidiary thereof (other than a depository institution or a subsidiary of such depository institution).

**(4)** This subsection, subsections (c) through (s) and subsection (u) of this section, and section 1831aa of this title shall apply to any foreign bank or company to which subsection (a) of section 3106 of this title applies and to any subsidiary (other than a bank) of any such foreign bank or company in the same manner as they apply to a bank holding company and any subsidiary thereof (other than a bank) under paragraph (3) of this subsection. For the purposes of this paragraph, the term "subsidiary" shall have the meaning assigned to it in section 2 of the Bank Holding Company Act of 1956 [12 U.S.C. 1841].

---

[3] So in original. The second closing parenthesis probably should not appear.

14

**(5)** This section shall apply, in the same manner as it applies to any insured depository institution for which the appropriate Federal banking agency is the Comptroller of the Currency, to any national banking association chartered by the Comptroller of the Currency, including an uninsured association.

**(6) Affirmative action to correct conditions resulting from violations or practices**

The authority to issue an order under this subsection and subsection (c) which requires an insured depository institution or any institution-affiliated party to take affirmative action to correct or remedy any conditions resulting from any violation or practice with respect to which such order is issued includes the authority to require such depository institution or such party to—

>**(A)** make restitution or provide reimbursement, indemnification, or guarantee against loss if—

>>**(i)** such depository institution or such party was unjustly enriched in connection with such violation or practice; or

>>**(ii)** the violation or practice involved a reckless disregard for the law or any applicable regulations or prior order of the appropriate Federal banking agency;

>**(B)** restrict the growth of the institution;

>**(C)** dispose of any loan or asset involved;

>**(D)** rescind agreements or contracts; and

>**(E)** employ qualified officers or employees (who may be subject to approval by the appropriate Federal banking agency at the direction of such agency); and

>**(F)** take such other action as the banking agency determines to be appropriate.

**(7) Authority to limit activities**

The authority to issue an order under this subsection or subsection (c) includes the authority to place limitations on the activities or functions of an insured depository institution or any institution-affiliated party.

**(8) Unsatisfactory asset quality, management, earnings, or liquidity as unsafe or unsound practice**

15

If an insured depository institution receives, in its most recent report of examination, a less-than-satisfactory rating for asset quality, management, earnings, or liquidity, the appropriate Federal banking agency may (if the deficiency is not corrected) deem the institution to be engaging in an unsafe or unsound practice for purposes of this subsection.

**(9)**

**(10) Standard for certain orders**

No authority under this subsection or subsection (c) to prohibit any institution-affiliated party from withdrawing, transferring, removing, dissipating, or disposing of any funds, assets, or other property may be exercised unless the appropriate Federal banking agency meets the standards of Rule 65 of the Federal Rules of Civil Procedure, without regard to the requirement of such rule that the applicant show that the injury, loss, or damage is irreparable and immediate.

## (c) Temporary cease-and-desist orders

**(1)** Whenever the appropriate Federal banking agency shall determine that the violation or threatened violation or the unsafe or unsound practice or practices, specified in the notice of charges served upon the depository institution or any institution-affiliated party pursuant to paragraph (1) of subsection (b) of this section, or the continuation thereof, is likely to cause insolvency or significant dissipation of assets or earnings of the depository institution, or is likely to weaken the condition of the depository institution or otherwise prejudice the interests of its depositors prior to the completion of the proceedings conducted pursuant to paragraph (1) of subsection (b) of this section, the agency may issue a temporary order requiring the depository institution or such party to cease and desist from any such violation or practice and to take affirmative action to prevent or remedy such insolvency, dissipation, condition, or prejudice pending completion of such proceedings. Such order may include any requirement authorized under subsection (b)(6). Such order shall become effective upon service upon the depository institution or such institution-affiliated party and, unless set aside, limited, or suspended by a court in proceedings authorized by paragraph (2) of this subsection, shall remain effective and enforceable pending the completion of the administrative proceedings pursuant to such notice and until such time as the agency shall dismiss the charges specified in such notice, or if a cease-and-desist order is issued against the depository institution or such party, until the effective date of such order.

16

**(2)** Within ten days after the depository institution concerned or any institution-affiliated party has been served with a temporary cease-and-desist order, the depository institution or such party may apply to the United States district court for the judicial district in which the home office of the depository institution is located, or the United States District Court for the District of Columbia, for an injunction setting aside, limiting, or suspending the enforcement, operation, or effectiveness of such order pending the completion of the administrative proceedings pursuant to the notice of charges served upon the depository institution or such party under paragraph (1) of subsection (b) of this section, and such court shall have jurisdiction to issue such injunction.

**(3) Incomplete or inaccurate records**

**(A) Temporary order**

If a notice of charges served under subsection (b)(1) specifies, on the basis of particular facts and circumstances, that an insured depository institution's books and records are so incomplete or inaccurate that the appropriate Federal banking agency is unable, through the normal supervisory process, to determine the financial condition of that depository institution or the details or purpose of any transaction or transactions that may have a material effect on the financial condition of that depository institution, the agency may issue a temporary order requiring—

**(i)** the cessation of any activity or practice which gave rise, whether in whole or in part, to the incomplete or inaccurate state of the books or records; or

**(ii)** affirmative action to restore such books or records to a complete and accurate state, until the completion of the proceedings under subsection (b)(1).

**(B) Effective period**

Any temporary order issued under subparagraph (A)—

**(i)** shall become effective upon service; and

**(ii)** unless set aside, limited, or suspended by a court in proceedings under paragraph (2), shall remain in effect and enforceable until the earlier of—

17

**(I)** the completion of the proceeding initiated under subsection (b)(1) in connection with the notice of charges; or

**(II)** the date the appropriate Federal banking agency determines, by examination or otherwise, that the insured depository institution's books and records are accurate and reflect the financial condition of the depository institution.

**(4) False advertising or misuse of names to indicate insured status**

**(A) Temporary order**

**(i) In general**

If a notice of charges served under subsection (b)(1) specifies on the basis of particular facts that any person engaged or is engaging in conduct described in section 1828(a)(4) of this title, the Corporation or other appropriate Federal banking agency may issue a temporary order requiring—

**(I)** the immediate cessation of any activity or practice described, which gave rise to the notice of charges; and

**(II)** affirmative action to prevent any further, or to remedy any existing, violation.

**(ii) Effect of order**

Any temporary order issued under this subparagraph shall take effect upon service.

**(B) Effective period of temporary order**

A temporary order issued under subparagraph (A) shall remain effective and enforceable, pending the completion of an administrative proceeding pursuant to subsection (b)(1) in connection with the notice of charges—

**(i)** until such time as the Corporation or other appropriate Federal banking agency dismisses the charges specified in such notice; or

**(ii)** if a cease-and-desist order is issued against such person, until the effective date of such order.

18

**(C) Civil money penalties.**

Any violation of section 1828(a)(4) of this title shall be subject to civil money penalties, as set forth in subsection (i), except that for any person other than an insured depository institution or an institution-affiliated party that is found to have violated this paragraph, the Corporation or other appropriate Federal banking agency shall not be required to demonstrate any loss to an insured depository institution.

**(d) Temporary cease-and-desist orders; enforcement**

In the case of violation or threatened violation of, or failure to obey, a temporary cease-and-desist order issued pursuant to paragraph (1) of subsection (c) of this section, the appropriate Federal banking agency may apply to the United States district court, or the United States court of any territory, within the jurisdiction of which the home office of the depository institution is located, for an injunction to enforce such order, and, if the court shall determine that there has been such violation or threatened violation or failure to obey, it shall be the duty of the court to issue such injunction.

**(e) Removal and prohibition authority**

**(1) Authority to issue order.**

Whenever the appropriate Federal banking agency determines that—

**(A)** any institution-affiliated party has, directly or indirectly—

**(i)** violated—

**(I)** any law or regulation;

**(II)** any cease-and-desist order which has become final;

**(III)** any condition imposed in writing by a Federal banking agency in connection with any action on any application, notice, or request by such depository institution or institution-affiliated party; or

**(IV)** any written agreement between such depository institution and such agency;

**(ii)** engaged or participated in any unsafe or unsound practice in connection with any insured depository institution or business institution; or

**(iii)** committed or engaged in any act, omission, or practice which constitutes a breach of such party's fiduciary duty;

19

**(B)** by reason of the violation, practice, or breach described in any clause of subparagraph (A)—

> **(i)** such insured depository institution or business institution has suffered or will probably suffer financial loss or other damage;

> **(ii)** the interests of the insured depository institution's depositors have been or could be prejudiced; or

> **(iii)** such party has received financial gain or other benefit by reason of such violation, practice, or breach; and

**(C)** such violation, practice, or breach—

> **(i)** involves personal dishonesty on the part of such party; or

> **(ii)** demonstrates willful or continuing disregard by such party for the safety or soundness of such insured depository institution or business institution,

the appropriate Federal banking agency for the depository institution may serve upon such party a written notice of the agency's intention to remove such party from office or to prohibit any further participation by such party, in any manner, in the conduct of the affairs of any insured depository institution.

**(2) Specific violations**

**(A) In general**

Whenever the appropriate Federal banking agency determines that—

> **(i)** an institution-affiliated party has committed a violation of any provision of subchapter II of chapter 53 of title 31 and such violation was not inadvertent or unintentional;

> **(ii)** an officer or director of an insured depository institution has knowledge that an institution-affiliated party of the insured depository institution has violated any such provision or any provision of law referred to in subsection (g)(1)(A)(ii);

> **(iii)** an officer or director of an insured depository institution has committed any violation of the Depository Institution Management Interlocks Act [12 U.S.C. 3201 et seq.]; or

> **(iv)** an institution-affiliated party of a subsidiary (other than a bank) of a bank holding company or of a subsidiary (other

20

than a savings association) of a savings and loan holding company has been convicted of any criminal offense involving dishonesty or a breach of trust or a criminal offense under section 1956, 1957, or 1960 of title 18 or has agreed to enter into a pretrial diversion or similar program in connection with a prosecution for such an offense,

the agency may serve upon such party, officer, or director a written notice of the agency's intention to remove such party from office.

**(B) Factors to be considered**

In determining whether an officer or director should be removed as a result of the application of subparagraph (A)(ii), the agency shall consider whether the officer or director took appropriate action to stop, or to prevent the recurrence of, a violation described in such subparagraph.

**(3) Suspension order.**

**(A) Suspension or prohibition authorized.**

If the appropriate Federal banking agency serves written notice under paragraph (1) or (2) to any institution-affiliated party of such agency's intention to issue an order under such paragraph, the appropriate Federal banking agency may suspend such party from office or prohibit such party from further participation in any manner in the conduct of the affairs of the depository institution, if the agency—

**(i)** determines that such action is necessary for the protection of the depository institution or the interests of the depository institution's depositors; and

**(ii)** serves such party with written notice of the suspension order.

**(B) Effective period**

Any suspension order issued under subparagraph (A)—

**(i)** shall become effective upon service; and

**(ii)** unless a court issues a stay of such order under subsection (f), shall remain in effect and enforceable until—

**(I)** the date the appropriate Federal banking agency dismisses the charges contained in the notice

21

served under paragraph (1) or (2) with respect to such party; or

**(II)** the effective date of an order issued by the agency to such party under paragraph (1) or (2).

### (C) Copy of order

If an appropriate Federal banking agency issues a suspension order under subparagraph (A) to any institution-affiliated party, the agency shall serve a copy of such order on any insured depository institution with which such party is associated at the time such order is issued.

**(4)** A notice of intention to remove an institution-affiliated party from office or to prohibit such party from participating in the conduct of the affairs of an insured depository institution, shall contain a statement of the facts constituting grounds therefor, and shall fix a time and place at which a hearing will be held thereon. Such hearing shall be fixed for a date not earlier than thirty days nor later than sixty days after the date of service of such notice, unless an earlier or a later date is set by the agency at the request of (A) such party, and for good cause shown, or (B) the Attorney General of the United States. Unless such party shall appear at the hearing in person or by a duly authorized representative, such party shall be deemed to have consented to the issuance of an order of such removal or prohibition. In the event of such consent, or if upon the record made at any such hearing the agency shall find that any of the grounds specified in such notice have been established, the agency may issue such orders of suspension or removal from office, or prohibition from participation in the conduct of the affairs of the depository institution, as it may deem appropriate. Any such order shall become effective at the expiration of thirty days after service upon such depository institution and such party concerned (except in the case of an order issued upon consent, which shall become effective at the time specified therein). Such order shall remain effective and enforceable except to such extent as it is stayed, modified, terminated, or set aside by action of the agency or a reviewing court.

**(5)** For the purpose of enforcing any law, rule, regulation, or cease-and-desist order in connection with an interlocking relationship, the term "officer" within the term "institution-affiliated party" as used in this subsection means an employee or officer with management functions, and the term "director" within the term "institution-affiliated party" as used in this subsection includes an advisory or honorary director, a trustee of

22

a depository institution under the control of trustees, or any person who has a representative or nominee serving in any such capacity.

**(6) Prohibition of certain specific activities**

Any person subject to an order issued under this subsection shall not—

(**A**) participate in any manner in the conduct of the affairs of any institution or agency specified in paragraph (7)(A);

(**B**) solicit, procure, transfer, attempt to transfer, vote, or attempt to vote any proxy, consent, or authorization with respect to any voting rights in any institution described in subparagraph (A);

(**C**) violate any voting agreement previously approved by the appropriate Federal banking agency; or

(**D**) vote for a director, or serve or act as an institution-affiliated party.

**(7) Industrywide Prohibition.**

### (A) In general

Except as provided in subparagraph (B), any person who, pursuant to an order issued under this subsection or subsection (g), has been removed or suspended from office in an insured depository institution or prohibited from participating in the conduct of the affairs of an insured depository institution may not, while such order is in effect, continue or commence to hold any office in, or participate in any manner in the conduct of the affairs of—

(**i**) any insured depository institution;

(**ii**) any institution treated as an insured bank under subsection (b)(3) or (b)(4), or as a savings association under subsection (b)(9);[4]

(**iii**) any insured credit union under the Federal Credit Union Act [12 U.S.C. 1751 et seq.];

(**iv**) any institution chartered under the Farm Credit Act of 1971 [12 U.S.C. 2001 et seq.];

(**v**) any appropriate Federal depository institution regulatory agency; and

---

[4] See References in Text note below.

Appellate Case: 25-1079    Page: 26    Date Filed: 07/21/2025 Entry ID: 5539506

**(vi)** the Federal Housing Finance Agency and any Federal home loan bank.

**(B) Exception if agency provides written consent.**

If, on or after the date an order is issued under this subsection which removes or suspends from office any institution-affiliated party or prohibits such party from participating in the conduct of the affairs of an insured depository institution, such party receives the written consent of—

> **(i)** the agency that issued such order; and
>
> **(ii)** the appropriate Federal financial institutions regulatory agency of the institution described in any clause of subparagraph (A) with respect to which such party proposes to become an institution-affiliated party,

subparagraph (A) shall, to the extent of such consent, cease to apply to such party with respect to the institution described in each written consent. Any agency that grants such a written consent shall report such action to the Corporation and publicly disclose such consent.

**(C) Violation of paragraph treated as violation of order**

Any violation of subparagraph (A) by any person who is subject to an order described in such subparagraph shall be treated as a violation of the order.

**(D) "Appropriate federal financial institutions regulatory agency" defined**

For purposes of this paragraph and subsection (j), the term "appropriate Federal financial institutions regulatory agency" means—

> **(i)** the appropriate Federal banking agency, in the case of an insured depository institution;
>
> **(ii)** the Farm Credit Administration, in the case of an institution chartered under the Farm Credit Act of 1971 [12 U.S.C. 2001 et seq.];
>
> **(iii)** the National Credit Union Administration Board, in the case of an insured credit union (as defined in section 101(7) of the Federal Credit Union Act [12 U.S.C. 1752(7)]); and

24

**(iv)** the Secretary of the Treasury, in the case of the Federal Housing Finance Agency and any Federal home loan bank.

### (E) Consultation between agencies

The agencies referred to in clauses (i) and (ii) of subparagraph (B) shall consult with each other before providing any written consent described in subparagraph (B).

### (F) Applicability

This paragraph shall only apply to a person who is an individual, unless the appropriate Federal banking agency specifically finds that it should apply to a corporation, firm, or other business enterprise.

## (f) Stay of suspension and/or prohibition of institution-affiliated party

Within ten days after any institution-affiliated party has been suspended from office and/or prohibited from participation in the conduct of the affairs of an insured depository institution under subsection (e)(3) of this section, such party may apply to the United States district court for the judicial district in which the home office of the depository institution is located, or the United States District Court for the District of Columbia, for a stay of such suspension and/or prohibition pending the completion of the administrative proceedings pursuant to the notice served upon such party under subsection (e)(1) or (e)(2) of this section, and such court shall have jurisdiction to stay such suspension and/or prohibition.

## (g) Suspension, removal, and prohibition from participation orders in the case of certain criminal offenses

### (1) Suspension or prohibition

#### (A) In general

Whenever any institution-affiliated party is the subject of any information, indictment, or complaint, involving the commission of or participation in

> **(i)** a crime involving dishonesty or breach of trust which is punishable by imprisonment for a term exceeding one year under State or Federal law, or

> **(ii)** a criminal violation of section 1956, 1957, or 1960 of title 18 or section 5322 or 5324 of title 31,

the appropriate Federal banking agency may, if continued service or participation by such party posed, poses, or may pose a threat to the

25

interests of the depositors of, or threatened, threatens, or may threaten to impair public confidence in, any relevant depository institution (as defined in subparagraph (E)), by written notice served upon such party, suspend such party from office or prohibit such party from further participation in any manner in the conduct of the affairs of any depository institution.

**(B) Provisions applicable to notice**

### (i) Copy

A copy of any notice under subparagraph (A) shall also be served upon any depository institution that the subject of the notice is affiliated with at the time the notice is issued.

### (ii) Effective period

A suspension or prohibition under subparagraph (A) shall remain in effect until the information, indictment, or complaint referred to in such subparagraph is finally disposed of or until terminated by the agency.

**(C) Removal or prohibition**

### (i) In general

If a judgment of conviction or an agreement to enter a pretrial diversion or other similar program is entered against an institution-affiliated party in connection with a crime described in subparagraph (A)(i), at such time as such judgment is not subject to further appellate review, the appropriate Federal banking agency may, if continued service or participation by such party posed, poses, or may pose a threat to the interests of the depositors of, or threatened, threatens, or may threaten to impair public confidence in, any relevant depository institution (as defined in subparagraph (E)), issue and serve upon such party an order removing such party from office or prohibiting such party from further participation in any manner in the conduct of the affairs of any depository institution without the prior written consent of the appropriate agency.

26

### (ii) Required for certain offenses

In the case of a judgment of conviction or agreement against an institution-affiliated party in connection with a violation described in subparagraph (A)(ii), the appropriate Federal banking agency shall issue and serve upon such party an order removing such party from office or prohibiting such party from further participation in any manner in the conduct of the affairs of any depository institution without the prior written consent of the appropriate agency.

## (D) Provisions applicable to order

### (i) Copy

A copy of any order under subparagraph (C) shall also be served upon any depository institution that the subject of the order is affiliated with at the time the order is issued, whereupon the institution-affiliated party who is subject to the order (if a director or an officer) shall cease to be a director or officer of such depository institution.

### (ii) Effect of acquittal

A finding of not guilty or other disposition of the charge shall not preclude the agency from instituting proceedings after such finding or disposition to remove such party from office or to prohibit further participation in depository institution affairs, pursuant to paragraph (1), (2), or (3) of subsection (e) of this section.

### (iii) Effective period

Any notice of suspension or order of removal issued under this paragraph shall remain effective and outstanding until the completion of any hearing or appeal authorized under paragraph (3) unless terminated by the agency.

## (E) Relevant depository institution

For purposes of this subsection, the term "relevant depository institution" means any depository institution of which the party is or was an institution-affiliated party at the time at which—

(i) the information, indictment, or complaint described in subparagraph (A) was issued; or

Appellate Case: 25-1079    Page: 30    Date Filed: 07/21/2025 Entry ID: 5539506

**(ii)** the notice is issued under subparagraph (A) or the order is issued under subparagraph (C)(i).

**(2)** If at any time, because of the suspension of one or more directors pursuant to this section, there shall be on the board of directors of a national bank less than a quorum of directors not so suspended, all powers and functions vested in or exercisable by such board shall vest in and be exercisable by the director or directors on the board not so suspended, until such time as there shall be a quorum of the board of directors. In the event all of the directors of a national bank are suspended pursuant to this section, the Comptroller of the Currency shall appoint persons to serve temporarily as directors in their place and stead pending the termination of such suspensions, or until such time as those who have been suspended, cease to be directors of the bank and their respective successors take office.

**(3)** Within thirty days from service of any notice of suspension or order of removal issued pursuant to paragraph (1) of this subsection, the institution-affiliated party concerned may request in writing an opportunity to appear before the agency to show that the continued service to or participation in the conduct of the affairs of the depository institution by such party does not, or is not likely to, pose a threat to the interests of the bank's[5] depositors or threaten to impair public confidence in the depository institution. Upon receipt of any such request, the appropriate Federal banking agency shall fix a time (not more than thirty days after receipt of such request, unless extended at the request of such party) and place at which such party may appear, personally or through counsel, before one or more members of the agency or designated employees of the agency to submit written materials (or, at the discretion of the agency, oral testimony) and oral argument. Within sixty days of such hearing, the agency shall notify such party whether the suspension or prohibition from participation in any manner in the conduct of the affairs of the depository institution will be continued, terminated, or otherwise modified, or whether the order removing such party from office or prohibiting such party from further participation in any manner in the conduct of the affairs of the depository institution will be rescinded or otherwise modified. Such notification shall contain a statement of the basis for the agency's decision, if adverse to such party. The Federal banking agencies are authorized to prescribe such rules as may be necessary to effectuate the purposes of this subsection.

---

[5] So in original. Probably should be "depository institution's".

28

**(h) Hearings and judicial review**

(1) Any hearing provided for in this section (other than the hearing provided for in subsection (g)(3) of this section) shall be held in the Federal judicial district or in the territory in which the home office of the depository institution is located unless the party afforded the hearing consents to another place, and shall be conducted in accordance with the provisions of chapter 5 of title 5. After such hearing, and within ninety days after the appropriate Federal banking agency or Board of Governors of the Federal Reserve System has notified the parties that the case has been submitted to it for final decision, it shall render its decision (which shall include findings of fact upon which its decision is predicated) and shall issue and serve upon each party to the proceeding an order or orders consistent with the provisions of this section. Judicial review of any such order shall be exclusively as provided in this subsection (h). Unless a petition for review is timely filed in a court of appeals of the United States, as hereinafter provided in paragraph (2) of this subsection, and thereafter until the record in the proceeding has been filed as so provided, the issuing agency may at any time, upon such notice and in such manner as it shall deem proper, modify, terminate, or set aside any such order. Upon such filing of the record, the agency may modify, terminate, or set aside any such order with permission of the court.

(2) Any party to any proceeding under paragraph (1) may obtain a review of any order served pursuant to paragraph (1) of this subsection (other than an order issued with the consent of the depository institution or the institution-affiliated party concerned, or an order issued under paragraph (1) of subsection (g) of this section) by the filing in the court of appeals of the United States for the circuit in which the home office of the depository institution is located, or in the United States Court of Appeals for the District of Columbia Circuit, within thirty days after the date of service of such order, a written petition praying that the order of the agency be modified, terminated, or set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court to the agency, and thereupon the agency shall file in the court the record in the proceeding, as provided in section 2112 of title 28. Upon the filing of such petition, such court shall have jurisdiction, which upon the filing of the record shall except as provided in the last sentence of said paragraph (1) be exclusive, to affirm, modify, terminate, or set aside, in whole or in part, the order of the agency. Review of such proceedings shall be had as provided in chapter 7 of title 5. The judgment and decree of the court shall be final, except that the same shall be

29

subject to review by the Supreme Court upon certiorari, as provided in section 1254 of title 28.

**(3)** The commencement of proceedings for judicial review under paragraph (2) of this subsection shall not, unless specifically ordered by the court, operate as a stay of any order issued by the agency.

## (i) Jurisdiction and enforcement; penalty

**(1)** The appropriate Federal banking agency may in its discretion apply to the United States district court, or the United States court of any territory, within the jurisdiction of which the home office of the depository institution is located, for the enforcement of any effective and outstanding notice or order issued under this section or under section 1831o or 1831p–1 of this title, and such courts shall have jurisdiction and power to order and require compliance herewith; but except as otherwise provided in this section or under section 1831o or 1831p–1 of this title no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section, or to review, modify, suspend, terminate, or set aside any such notice or order.

### (2) Civil money penalty

#### (A) First tier

Any insured depository institution which, and any institution-affiliated party who—

**(i)** violates any law or regulation;

**(ii)** violates any final order or temporary order issued pursuant to subsection (b), (c), (e), (g), or (s) or any final order under section 1831o or 1831p–1 of this title;

**(iii)** violates any condition imposed in writing by a Federal banking agency in connection with any action on any application, notice, or other request by the depository institution or institution-affiliated party; or

**(iv)** violates any written agreement between such depository institution and such agency,

shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues.

#### (B) Second tier

30

Notwithstanding subparagraph (A), any insured depository institution which, and any institution-affiliated party who—

> **(i)**
>
>> **(I)** commits any violation described in any clause of subparagraph (A);
>>
>> **(II)** recklessly engages in an unsafe or unsound practice in conducting the affairs of such insured depository institution; or
>>
>> **(III)** breaches any fiduciary duty;
>
> **(ii)** which violation, practice, or breach—
>
>> **(I)** is part of a pattern of misconduct;
>>
>> **(II)** causes or is likely to cause more than a minimal loss to such depository institution; or
>>
>> **(III)** results in pecuniary gain or other benefit to such party,

shall forfeit and pay a civil penalty of not more than $25,000 for each day during which such violation, practice, or breach continues.

### (C) Third tier

Notwithstanding subparagraphs (A) and (B), any insured depository institution which, and any institution-affiliated party who—

> **(i)** knowingly—
>
>> **(I)** commits any violation described in any clause of subparagraph (A);
>>
>> **(II)** engages in any unsafe or unsound practice in conducting the affairs of such depository institution; or
>>
>> **(III)** breaches any fiduciary duty; and
>
> **(ii)** knowingly or recklessly causes a substantial loss to such depository institution or a substantial pecuniary gain or other benefit to such party by reason of such violation, practice, or breach,

Appellate Case: 25-1079     Page: 34     Date Filed: 07/21/2025 Entry ID: 5539506

shall forfeit and pay a civil penalty in an amount not to exceed the applicable maximum amount determined under subparagraph (D) for each day during which such violation, practice, or breach continues.

**(D) Maximum amounts of penalties for any violation described in subparagraph (c)**

The maximum daily amount of any civil penalty which may be assessed pursuant to subparagraph (C) for any violation, practice, or breach described in such subparagraph is—

> **(i)** in the case of any person other than an insured depository institution, an amount to not exceed $1,000,000; and

> **(ii)** in the case of any insured depository institution, an amount not to exceed the lesser of—

>> **(I)** $1,000,000; or

>> **(II)** 1 percent of the total assets of such institution.

**(E) Assessment**

> **(i) Written notice**

> Any penalty imposed under subparagraph (A), (B), or (C) may be assessed and collected by the appropriate Federal banking agency by written notice.

> **(ii) Finality of assessment**

> If, with respect to any assessment under clause (i), a hearing is not requested pursuant to subparagraph (H) within the period of time allowed under such subparagraph, the assessment shall constitute a final and unappealable order.

**(F) Authority to modify or remit penalty**

Any appropriate Federal banking agency may compromise, modify, or remit any penalty which such agency may assess or had already assessed under subparagraph (A), (B), or (C).

**(G) Mitigating factors**

In determining the amount of any penalty imposed under subparagraph (A), (B), or (C), the appropriate agency shall take into account the appropriateness of the penalty with respect to—

Appellate Case: 25-1079    Page: 35    Date Filed: 07/21/2025 Entry ID: 5539506

**(i)** the size of financial resources and good faith of the insured depository institution or other person charged;

**(ii)** the gravity of the violation;

**(iii)** the history of previous violations; and

**(iv)** such other matters as justice may require.

### (H) Hearing

The insured depository institution or other person against whom any penalty is assessed under this paragraph shall be afforded an agency hearing if such institution or person submits a request for such hearing within 20 days after the issuance of the notice of assessment.

### (I) Collection

#### (i) Referral

If any insured depository institution or other person fails to pay an assessment after any penalty assessed under this paragraph has become final, the agency that imposed the penalty shall recover the amount assessed by action in the appropriate United States district court.

#### (ii) Appropriateness of penalty not reviewable

In any civil action under clause (i), the validity and appropriateness of the penalty shall not be subject to review.

### (J) Disbursement

All penalties collected under authority of this paragraph shall be deposited into the Treasury.

### (K) Regulations

Each appropriate Federal banking agency shall prescribe regulations establishing such procedures as may be necessary to carry out this paragraph.

## (3) Notice under this section after separation from service

The resignation, termination of employment or participation, or separation of a institution-affiliated party (including a separation caused by the closing of an insured depository institution) shall not affect the jurisdiction and authority of the appropriate Federal banking agency to issue any notice or order and proceed under this section against any such party, if such notice or

33

order is served before the end of the 6-year period beginning on the date such party ceased to be such a party with respect to such depository institution (whether such date occurs before, on, or after August 9, 1989).

**(4) Prejudgment attachment**

### (A) In general

In any action brought by an appropriate Federal banking agency (excluding the Corporation when acting in a manner described in section 1821(d)(18) of this title) pursuant to this section, or in actions brought in aid of, or to enforce an order in, any administrative or other civil action for money damages, restitution, or civil money penalties brought by such agency, the court may, upon application of the agency, issue a restraining order that—

> **(i)** prohibits any person subject to the proceeding from withdrawing, transferring, removing, dissipating, or disposing of any funds, assets or other property; and

> **(ii)** appoints a temporary receiver to administer the restraining order.

### (B) Standard

#### (i) Showing

Rule 65 of the Federal Rules of Civil Procedure shall apply with respect to any proceeding under subparagraph (A) without regard to the requirement of such rule that the applicant show that the injury, loss, or damage is irreparable and immediate.

#### (ii) State proceeding

If, in the case of any proceeding in a State court, the court determines that rules of civil procedure available under the laws of such State provide substantially similar protections to a party's right to due process as Rule 65 (as modified with respect to such proceeding by clause (i)), the relief sought under subparagraph (A) may be requested under the laws of such State.

## (j) Criminal penalty

Whoever, being subject to an order in effect under subsection (e) or (g), without the prior written approval of the appropriate Federal financial institutions regulatory agency, knowingly participates, directly or indirectly, in any manner

Appellate Case: 25-1079    Page: 37    Date Filed: 07/21/2025 Entry ID: 5539506

(including by engaging in an activity specifically prohibited in such an order or in subsection (e)(6)) in the conduct of the affairs of

> **(1)** any insured depository institution;

> **(2)** any institution treated as an insured bank under subsection (b)(3) or (b)(4);

> **(3)** any insured credit union (as defined in section 101(7) of the Federal Credit Union Act [12 U.S.C. 1752(7)]); or

> **(4)** any institution chartered under the Farm Credit Act of 1971 [12 U.S.C. 2001 et seq.],

shall be fined not more than $1,000,000, imprisoned for not more than 5 years, or both.

**(k) Repealed. Pub. L. 101–73, title IX, § 920(c), Aug. 9, 1989, 103 Stat. 488**

**(l) Notice of service**

Any service required or authorized to be made by the appropriate Federal banking agency under this section may be made by registered mail, or in such other manner reasonably calculated to give actual notice as the agency may by regulation or otherwise provide. Copies of any notice or order served by the agency upon any State depository institution or any institution-affiliated party, pursuant to the provisions of this section, shall also be sent to the appropriate State supervisory authority.

**(m) Notice to State authorities**

In connection with any proceeding under subsection (b), (c)(1), or (e) of this section involving an insured State bank or any institution-affiliated party, the appropriate Federal banking agency shall provide the appropriate State supervisory authority with notice of the agency's intent to institute such a proceeding and the grounds therefor. Unless within such time as the Federal banking agency deems appropriate in the light of the circumstances of the case (which time must be specified in the notice prescribed in the preceding sentence) satisfactory corrective action is effectuated by action of the State supervisory authority, the agency may proceed as provided in this section. No bank or other party who is the subject of any notice or order issued by the agency under this section shall have standing to raise the requirements of this subsection as ground for attacking the validity of any such notice or order.

35

**(n) Ancillary provisions; subpoena power, etc.**

In the course of or in connection with any proceeding under this section, or in connection with any claim for insured deposits or any examination or investigation under section 1820(c) of this title, the agency conducting the proceeding, examination, or investigation or considering the claim for insured deposits, or any member or designated representative thereof, including any person designated to conduct any hearing under this section, shall have the power to administer oaths and affirmations, to take or cause to be taken depositions, and to issue, revoke, quash, or modify subpoenas and subpoenas duces tecum; and such agency is empowered to make rules and regulations with respect to any such proceedings, claims, examinations, or investigations. The attendance of witnesses and the production of documents provided for in this subsection may be required from any place in any State or in any territory or other place subject to the jurisdiction of the United States at any designated place where such proceeding is being conducted. Any such agency or any party to proceedings under this section may apply to the United States District Court for the District of Columbia, or the United States district court for the judicial district or the United States court in any territory in which such proceeding is being conducted, or where the witness resides or carries on business, for enforcement of any subpoena or subpoena duces tecum issued pursuant to this subsection, and such courts shall have jurisdiction and power to order and require compliance therewith. Witnesses subpoenaed under this subsection shall be paid the same fees and mileage that are paid witnesses in the district courts of the United States. Any court having jurisdiction of any proceeding instituted under this section by an insured depository institution or a director or officer thereof, may allow to any such party such reasonable expenses and attorneys' fees as it deems just and proper; and such expenses and fees shall be paid by the depository institution or from its assets. Any person who willfully shall fail or refuse to attend and testify or to answer any lawful inquiry or to produce books, papers, correspondence, memoranda, contracts, agreements, or other records, if in such person's power so to do, in obedience to the subpoena of the appropriate Federal banking agency, shall be guilty of a misdemeanor and, upon conviction, shall be subject to a fine of not more than $1,000 or to imprisonment for a term of not more than one year or both.

**(o) Termination of membership of State bank in Federal Reserve System**

Whenever the insured status of a State member bank shall be terminated by action of the Board of Directors, the Board of Governors of the Federal Reserve System shall terminate its membership in the Federal Reserve System in accordance with the provisions of subchapter VIII of chapter 3 of this title, and

Appellate Case: 25-1079    Page: 39    Date Filed: 07/21/2025 Entry ID: 5539506

whenever the insured status of a national member bank shall be so terminated the Comptroller of the Currency shall appoint a receiver for the bank, which shall be the Corporation. Except as provided in subsection (c) or (d) of section 1814 of this title, whenever a member bank shall cease to be a member of the Federal Reserve System, its status as an insured depository institution shall, without notice or other action by the Board of Directors, terminate on the date the bank shall cease to be a member of the Federal Reserve System, with like effect as if its insured status had been terminated on said date by the Board of Directors after proceedings under subsection (a) of this section. Whenever the insured status of an insured Federal savings bank shall be terminated by action of the Board of Directors, the Comptroller of the Currency shall appoint a receiver for the bank, which shall be the Corporation.

### (p) Banks not receiving deposits

Notwithstanding any other provision of law, whenever the Board of Directors shall determine that an insured depository institution is not engaged in the business of receiving deposits, other than trust funds as herein defined, the Corporation shall notify the depository institution that its insured status will terminate at the expiration of the first full assessment period following such notice. A finding by the Board of Directors that a depository institution is not engaged in the business of receiving deposits, other than such trust funds, shall be conclusive. The Board of Directors shall prescribe the notice to be given by the depository institution of such termination and the Corporation may publish notice thereof. Upon the termination of the insured status of any such depository institution, its deposits shall thereupon cease to be insured and the depository institution shall thereafter be relieved of all future obligations to the Corporation, including the obligation to pay future assessments.

### (q) Assumption of liabilities

Whenever the liabilities of an insured depository institution for deposits shall have been assumed by another insured depository institution or depository institutions, whether by way of merger, consolidation, or other statutory assumption, or pursuant to contract (1) the insured status of the depository institution whose liabilities are so assumed shall terminate on the date of receipt by the Corporation of satisfactory evidence of such assumption; (2) the separate insurance of all deposits so assumed shall terminate at the end of six months from the date such assumption takes effect or, in the case of any time deposit, the earliest maturity date after the six-month period. Where the deposits of an insured depository institution are assumed by a newly insured depository institution, the depository institution whose deposits are assumed shall not be required to pay

37

any assessment with respect to the deposits which have been so assumed after the assessment period in which the assumption takes effect.

**(r) Action or proceeding against foreign bank; basis; removal of officer or other person; venue; service of process**

(**1**) Except as otherwise specifically provided in this section, the provisions of this section shall be applied to foreign banks in accordance with this subsection.

(**2**) An act or practice outside the United States on the part of a foreign bank or any officer, director, employee, or agent thereof may not constitute the basis for any action by any officer or agency of the United States under this section, unless—

(**A**) such officer or agency alleges a belief that such act or practice has been, is, or is likely to be a cause of or carried on in connection with or in furtherance of an act or practice within any one or more States which, in and of itself, would constitute an appropriate basis for action by a Federal officer or agency under this section; or

(**B**) the alleged act or practice is one which, if proven, would, in the judgment of the Board of Directors, adversely affect the insurance risk assumed by the Corporation.

(**3**) In any case in which any action or proceeding is brought pursuant to an allegation under paragraph (2) of this subsection for the suspension or removal of any officer, director, or other person associated with a foreign bank, and such person fails to appear promptly as a party to such action or proceeding and to comply with any effective order or judgment therein, any failure by the foreign bank to secure his removal from any office he holds in such bank and from any further participation in its affairs shall, in and of itself, constitute grounds for termination of the insurance of the deposits in any branch of the bank.

(**4**) Where the venue of any judicial or administrative proceeding under this section is to be determined by reference to the location of the home office of a bank, the venue of such a proceeding with respect to a foreign bank having one or more branches or agencies in not more than one judicial district or other relevant jurisdiction shall be within such jurisdiction. Where such a bank has branches or agencies in more than one such jurisdiction, the venue shall be in the jurisdiction within which the branch or branches or agency or agencies involved in the proceeding are located, and if there is more than one such jurisdiction, the venue shall be proper in any such

38

jurisdiction in which the proceeding is brought or to which it may appropriately be transferred.

**(5)** Any service required or authorized to be made on a foreign bank may be made on any branch or agency located within any State, but if such service is in connection with an action or proceeding involving one or more branches or one or more agencies located in any State, service shall be made on at least one branch or agency so involved.

**(s) Compliance with monetary transaction recordkeeping and report requirements**

**(1) Compliance procedures required**

Each appropriate Federal banking agency shall prescribe regulations requiring insured depository institutions to establish and maintain procedures reasonably designed to assure and monitor the compliance of such depository institutions with the requirements of subchapter II of chapter 53 of title 31.

**(2) Examinations of depository institution to include review of compliance procedures**

**(A) In general**

Each examination of an insured depository institution by the appropriate Federal banking agency shall include a review of the procedures required to be established and maintained under paragraph (1).

**(B) Exam report requirement**

The report of examination shall describe any problem with the procedures maintained by the insured depository institution.

**(3) Order to comply with requirements**

If the appropriate Federal banking agency determines that an insured depository institution—

**(A)** has failed to establish and maintain the procedures described in paragraph (1); or

**(B)** has failed to correct any problem with the procedures maintained by such depository institution which was previously reported to the depository institution by such agency,

39

the agency shall issue an order in the manner prescribed in subsection (b) or (c) requiring such depository institution to cease and desist from its violation of this subsection or regulations prescribed under this subsection.

**(t) Authority of FDIC to take enforcement action against insured depository institutions and institution-affiliated parties**

### (1) Recommending action by appropriate Federal banking agency

The Corporation, based on an examination of an insured depository institution by the Corporation or by the appropriate Federal banking agency or on other information, may recommend in writing to the appropriate Federal banking agency that the agency take any enforcement action authorized under section 1817(j) of this title, this section, or section 1828(j) of this title with respect to any insured depository institution, any depository institution holding company, or any institution-affiliated party. The recommendation shall be accompanied by a written explanation of the concerns giving rise to the recommendation.

### (2) FDIC's authority to act if appropriate Federal banking agency fails to follow recommendation

If the appropriate Federal banking agency does not, before the end of the 60-day period beginning on the date on which the agency receives the recommendation under paragraph (1), take the enforcement action recommended by the Corporation or provide a plan acceptable to the Corporation for responding to the Corporation's concerns, the Corporation may take the recommended enforcement action if the Board of Directors determines, upon a vote of its members, that—

> **(A)** the insured depository institution is in an unsafe or unsound condition;

> **(B)** the institution or institution-affiliated party is engaging in unsafe or unsound practices, and the recommended enforcement action will prevent the institution or institution-affiliated party from continuing such practices;

> **(C)** the conduct or threatened conduct (including any acts or omissions) poses a risk to the Deposit Insurance Fund, or may prejudice the interests of the institution's depositors or[6]

---

[6] So in original. Probably should be "; or".

40

**(D)** the conduct or threatened conduct (including any acts or omissions) of the depository institution holding company poses a risk to the Deposit Insurance Fund, provided that such authority may not be used with respect to a depository institution holding company that is in generally sound condition and whose conduct does not pose a foreseeable and material risk of loss to the Deposit Insurance Fund;[7]

### (3) Effect of exigent circumstances

#### (A) Authority to act

The Corporation may, upon a vote of the Board of Directors, and after notice to the appropriate Federal banking agency, exercise its authority under paragraph (2) in exigent circumstances without regard to the time period set forth in paragraph (2).

#### (B) Agreement on exigent circumstances

The Corporation shall, by agreement with the appropriate Federal banking agency, set forth those exigent circumstances in which the Corporation may act under subparagraph (A).

### (4) Corporation's powers; institution's duties

For purposes of this subsection—

**(A)** the Corporation shall have the same powers with respect to any insured depository institution and its affiliates as the appropriate Federal banking agency has with respect to the institution and its affiliates; and

**(B)** the institution and its affiliates shall have the same duties and obligations with respect to the Corporation as the institution and its affiliates have with respect to the appropriate Federal banking agency.

### (5) Requests for formal actions and investigations

#### (A) Submission of requests

A regional office of an appropriate Federal banking agency (including a Federal Reserve bank) that requests a formal investigation of or civil enforcement action against an insured depository institution or institution-affiliated party shall submit the request

---

[7] So in original. The semicolon probably should be a period.

Appellate Case: 25-1079    Page: 44    Date Filed: 07/21/2025 Entry ID: 5539506

concurrently to the chief officer of the appropriate Federal banking agency and to the Corporation.

### (B) Agencies required to report on requests

Each appropriate Federal banking agency shall report semiannually to the Corporation on the status or disposition of all requests under subparagraph (A), including the reasons for any decision by the agency to approve or deny such requests.

## (6)[8] Powers and duties with respect to depository institution holding companies

For purposes of exercising the backup authority provided in this subsection—

(A) the Corporation shall have the same powers with respect to a depository institution holding company and its affiliates as the appropriate Federal banking agency has with respect to the holding company and its affiliates; and

(B) the holding company and its affiliates shall have the same duties and obligations with respect to the Corporation as the holding company and its affiliates have with respect to the appropriate Federal banking agency.

## (6)[9] Referral to Bureau of Consumer Financial Protection

Subject to subtitle B of the Consumer Financial Protection Act of 2010 [12 U.S.C. 5511 et seq.], each appropriate Federal banking agency shall make a referral to the Bureau of Consumer Financial Protection when the Federal banking agency has a reasonable belief that a violation of an enumerated consumer law, as defined in the Consumer Financial Protection Act of 2010, has been committed by any insured depository institution or institution-affiliated party within the jurisdiction of that appropriate Federal banking agency.

## (u) Public disclosures of final orders and agreements

### (1) In general

The appropriate Federal banking agency shall publish and make available to the public on a monthly basis—

---

[8] So in original. Two pars. (6) have been enacted.
[9] So in original. Two pars. (6) have been enacted.

Appellate Case: 25-1079     Page: 45     Date Filed: 07/21/2025 Entry ID: 5539506

(**A**) any written agreement or other written statement for which a violation may be enforced by the appropriate Federal banking agency, unless the appropriate Federal banking agency, in its discretion, determines that publication would be contrary to the public interest;

(**B**) any final order issued with respect to any administrative enforcement proceeding initiated by such agency under this section or any other law; and

(**C**) any modification to or termination of any order or agreement made public pursuant to this paragraph.

## (2) Hearings

All hearings on the record with respect to any notice of charges issued by a Federal banking agency shall be open to the public, unless the agency, in its discretion, determines that holding an open hearing would be contrary to the public interest.

## (3) Transcript of hearing

A transcript that includes all testimony and other documentary evidence shall be prepared for all hearings commenced pursuant to subsection (i). A transcript of public hearings shall be made available to the public pursuant to section 552 of title 5.

## (4) Delay of publication under exceptional circumstances

If the appropriate Federal banking agency makes a determination in writing that the publication of a final order pursuant to paragraph (1)(B) would seriously threaten the safety and soundness of an insured depository institution, the agency may delay the publication of the document for a reasonable time.

## (5) Documents filed under seal in public enforcement hearings

The appropriate Federal banking agency may file any document or part of a document under seal in any administrative enforcement hearing commenced by the agency if disclosure of the document would be contrary to the public interest. A written report shall be made part of any determination to withhold any part of a document from the transcript of the hearing required by paragraph (2).

43

**(6) Retention of documents**

Each Federal banking agency shall keep and maintain a record, for a period of at least 6 years, of all documents described in paragraph (1) and all informal enforcement agreements and other supervisory actions and supporting documents issued with respect to or in connection with any administrative enforcement proceeding initiated by such agency under this section or any other laws.

**(7) Disclosures to Congress**

No provision of this subsection may be construed to authorize the withholding, or to prohibit the disclosure, of any information to the Congress or any committee or subcommittee of the Congress.

## (v) Foreign investigations

### (1) Requesting assistance from foreign banking authorities

In conducting any investigation, examination, or enforcement action under this chapter, the appropriate Federal banking agency may—

**(A)** request the assistance of any foreign banking authority; and

**(B)** maintain an office outside the United States.

### (2) Providing assistance to foreign banking authorities

**(A) In general**

Any appropriate Federal banking agency may, at the request of any foreign banking authority, assist such authority if such authority states that the requesting authority is conducting an investigation to determine whether any person has violated, is violating, or is about to violate any law or regulation relating to banking matters or currency transactions administered or enforced by the requesting authority.

**(B) Investigation by Federal banking agency**

Any appropriate Federal banking agency may, in such agency's discretion, investigate and collect information and evidence pertinent to a request for assistance under subparagraph (A). Any such investigation shall comply with the laws of the United States and the policies and procedures of the appropriate Federal banking agency.

Appellate Case: 25-1079    Page: 47    Date Filed: 07/21/2025 Entry ID: 5539506

**(C) Factors to consider** In deciding whether to provide assistance under this paragraph, the appropriate Federal banking agency shall consider—

> **(i)** whether the requesting authority has agreed to provide reciprocal assistance with respect to banking matters within the jurisdiction of any appropriate Federal banking agency; and

> **(ii)** whether compliance with the request would prejudice the public interest of the United States.

**(D) Treatment of foreign banking authority**

For purposes of any Federal law or appropriate Federal banking agency regulation relating to the collection or transfer of information by any appropriate Federal banking agency, the foreign banking authority shall be treated as another appropriate Federal banking agency.

### (3) Rule of construction

Paragraphs (1) and (2) shall not be construed to limit the authority of an appropriate Federal banking agency or any other Federal agency to provide or receive assistance or information to or from any foreign authority with respect to any matter.

## (w) Termination of insurance for money laundering or cash transaction reporting offenses

### (1) In general

#### (A) Conviction of title 18 offenses

##### (i) Duty to notify

If an insured State depository institution has been convicted of any criminal offense under section 1956 or 1957 of title 18, the Attorney General shall provide to the Corporation a written notification of the conviction and shall include a certified copy of the order of conviction from the court rendering the decision.

##### (ii) Notice of termination; pretermination hearing

After receipt of written notification from the Attorney General by the Corporation of such a conviction, the Board of Directors shall issue to the insured depository institution a notice of its intention to terminate the insured status of

45

the insured depository institution and schedule a hearing on the matter, which shall be conducted in all respects as a termination hearing pursuant to paragraphs (3) through (5) of subsection (a).

### (B) Conviction of title 31 offenses

If an insured State depository institution is convicted of any criminal offense under section 5322 or 5324 of title 31 after receipt of written notification from the Attorney General by the Corporation, the Board of Directors may initiate proceedings to terminate the insured status of the insured depository institution in the manner described in subparagraph (A).

### (C) Notice to State supervisor

The Corporation shall simultaneously transmit a copy of any notice issued under this paragraph to the appropriate State financial institutions supervisor.

## (2) Factors to be considered

In determining whether to terminate insurance under paragraph (1), the Board of Directors shall take into account the following factors:

### (A) The extent to which directors or senior executive officers of the depository institution knew of, or were involved in, the commission of the money laundering offense of which the institution was found guilty.

### (B) The extent to which the offense occurred despite the existence of policies and procedures within the depository institution which were designed to prevent the occurrence of any such offense.

### (C) The extent to which the depository institution has fully cooperated with law enforcement authorities with respect to the investigation of the money laundering offense of which the institution was found guilty.

### (D) The extent to which the depository institution has implemented additional internal controls (since the commission of the offense of which the depository institution was found guilty) to prevent the occurrence of any other money laundering offense.

46

**(E)** The extent to which the interest of the local community in having adequate deposit and credit services available would be threatened by the termination of insurance.

### (3) Notice to State banking supervisor and public

When the order to terminate insured status initiated pursuant to this subsection is final, the Board of Directors shall—

**(A)** notify the State banking supervisor of any State depository institution described in paragraph (1), where appropriate, at least 10 days prior to the effective date of the order of termination of the insured status of such depository institution, including a State branch of a foreign bank; and

**(B)** publish notice of the termination of the insured status of the depository institution in the Federal Register.

### (4) Temporary insurance of previously insured deposits

Upon termination of the insured status of any State depository institution pursuant to paragraph (1), the deposits of such depository institution shall be treated in accordance with subsection (a)(7).

### (5) Successor liability

This subsection shall not apply to a successor to the interests of, or a person who acquires, an insured depository institution that violated a provision of law described in paragraph (1), if the successor succeeds to the interests of the violator, or the acquisition is made, in good faith and not for purposes of evading this subsection or regulations prescribed under this subsection.

### (6) "Senior executive officer" defined

The term "senior executive officer" has the same meaning as in regulations prescribed under section 1831i(f) of this title.

47

## 12 U.S.C. § 1818 note

**HISTORICAL NOTES**

**Revision Notes and Legislative Reports**

1950 Acts.  House Report No. 2564, and Conference Report No. 3049, see 1950 U.S. Code Cong. Service, p. 3765.

1966 Acts.  Senate Report No. 1482 and Conference Report No. 2232, see 1966 U.S. Code Cong. and Adm. News, p. 3532.

1974 Acts.  Senate Report No. 93-902 and House Conference Report No. 93-1429, see 1974 U.S. Code Cong. and Adm. News, p. 6119.

1978 Acts.  Senate Report No. 95-1073, see 1978 U.S. Code Cong. and Adm. News, p. 1421.

 House Report No. 95-1383, see 1978 U.S. Code Cong. and Adm. News, p. 9273.

1982 Acts.  Senate Report No. 97-536 and Senate Conference Report No. 97-641, see 1982 U.S. Code Cong. and Adm. News, p. 3054.

1986 Acts. Statement of President, see 1986 U.S. Code Cong. and Adm. News, p. 5393.

1989 Acts.  House Report No. 101-54 and House Conference Report No. 101-209, see 1989 U.S. Code Cong. and Adm. News, p. 86.

1990 Acts.  House Report No. 101-681 (Part I), see 1990 U.S. Code Cong. and Adm. News, p. 6472.

1991 Acts.  House Report No. 102-330 and House Conference Report No. 102-407, see 1991 U.S. Code Cong. and Adm. News, p. 1901.

 House Report Nos. 102-358 (Parts I and II), see 1991 U.S. Code Cong. and Adm. News, p. 1384.

1992 Acts.  House Report No. 102-760 and House Conference Report No. 102-1017, see 1992 U.S. Code Cong. and Adm. News, p. 3281.

 House Report No. 102-208 (Parts I and II) and House Conference Report No. 102-1028, see 1992 U.S. Code Cong. and Adm. News, p. 3508.

1993 Acts.  House Report No. 103-103 (Parts I and II) and House Conference Report No. 103-380, see 1993 U.S. Code Cong. and Adm. News, p. 3040.

1994 Acts.  Senate Report No. 103-169 and House Conference Report No. 103-652, see 1994 U.S. Code Cong. and Adm. News, p. 1881.

Appellate Case: 25-1079    Page: 51    Date Filed: 07/21/2025 Entry ID: 5539506

1998 Acts. House Report No. 105-417, see 1998 U.S. Code Cong. and Adm. News, p. 24.

2006 Acts. Senate Report No. 109-256, see 2006 U.S. Code Cong. and Adm. News, p. 1120.

2008 Acts. House Report No. 110-374 (Parts I to III), see 2008 U.S. Code Cong. and Adm. News, p. 1504.

**References in Text**

Subsections (a) and (b) of section 3104 of this title, referred to in subsec. (a)(1)(E), were redesignated subsections (b) and (c), respectively, of 12 U.S.C.A. § 3104, by Pub.L. 103-328, Title I, § 107(a)(1), Sept. 29, 1994, 108 Stat. 2358.

The Bank Holding Company Act of 1956, referred to in subsec. (b)(3), is Act May 9, 1956, c. 240, 70 Stat. 133, as amended, which is classified principally to chapter 17 (§ 1841 et seq.) of this title. Section 2 of the Bank Holding Company Act of 1956, referred to in subsec. (b)(4), is classified to 12 U.S.C.A. § 1841. For complete classification, see Short Title note set out under 12 U.S.C.A. § 1841 and Tables.

The Federal Reserve Act, referred to in subsec. (b)(3), is Act Dec. 23, 1913, c. 6, 38 Stat. 251, as amended, which is classified principally to chapter 3 (12 U.S.C.A. § 221 et seq.) of this title. Section 25(a) of the Federal Reserve Act is classified to subchapter II (12 U.S.C.A. § 611 et seq.) of chapter 6 of this title. Section 25 of the Federal Reserve Act is classified to subchapter I (12 U.S.C.A. § 601 et seq.) of chapter 6 of this title. For complete classification, see Distribution note set out under 12 U.S.C.A. § 226 and Tables.

The Federal Rules of Civil Procedure, referred to in subsecs. (b)(10) and (i)(4)(B), are set out in the Appendix to Title 28, Fed. Rules Civ. Proc. Rule 1 et seq., 28 U.S.C.A .

The Depository Institution Management Interlocks Act, referred to in subsec. (e)(2)(A)(iii), is Pub.L. 95-630, Title II, Nov. 10, 1978, 92 Stat. 3672, as amended, which is classified generally to chapter 33 of this title, 12 U.S.C.A. § 3201 et seq. For complete classification, see Short Title note set out under 12 U.S.C.A. § 3201 and Tables.

Subsection (b)(9) of this section, referred to in subsec. (e)(7)(A)(ii), was repealed by Pub.L. 111-203, § 363(3)(C). See 2010 Amendments note set out under this section.

Appellate Case: 25-1079    Page: 52    Date Filed: 07/21/2025 Entry ID: 5539506

The Federal Credit Union Act, referred to in subsec. (e)(7)(A)(iii), is Act June 26, 1934, c. 750, 48 Stat. 1216, which is classified generally to chapter 14 (12 U.S.C.A. § 1751 et seq.) of this title. Section 101(7) of that Act, referred to in subsec. (e)(7)(D)(iii) of this section is classified to 12 U.S.C.A. § 1752(7). For complete classification, see 12 U.S.C.A. § 1751 and Tables volume.

The Farm Credit Act of 1971, referred to in subsecs. (e)(7)(A)(iv), (D)(ii) and (j)(4), is Pub.L. 92-181, Dec. 10, 1971, 85 Stat. 583, which is classified generally to chapter 23 of this title, 12 U.S.C.A. § 2001 et seq. For complete classification, see Short Title note set out under 12 U.S.C.A. § 2001 and Tables volume.

Subchapter VIII of chapter 3 of this title, referred to in subsec. (o), in the original read "section 9 of the Federal Reserve Act", meaning section 9 of Act Dec. 23, 1913, c. 6, 38 Stat. 251, as amended, which is classified generally to subchapter VIII (12 U.S.C.A. § 321 et seq.) of chapter 3 of this title.

The Consumer Financial Protection Act of 2010, referred to in subsec. (t)(6), is Title X of Pub.L. 111-203, § 1001 et seq., July 21, 2010, 124 Stat. 1955, which enacted subchapter V of chapter 53 of this title, 12 U.S.C.A. § 5481 et seq., and enacted and amended numerous other sections and notes in the Code. Subtitle B of the Act is classified generally to part B (12 U.S.C.A. § 5511 et seq.) of subchapter V of chapter 53 of this title. For complete classification, see Short Title note set out under 12 U.S.C.A. § 5301 and Tables.

**Codifications**

Attempted amendment of subsec. (b)(4) of this section by Pub.L. 101-73, § 902(a)(1)(B), substituting "subsections (c) through (s) and subsection (u)" for "subsections (c) through (f) and (h) through (n)" was incapable of execution because language to be amended did not appear in text.

Language of Pub.L. 97-320 directing that a par. (4) be added to subsec. (b) has been carried out as a 1982 amendment of existing par. (4) of such subsec. (b) which had been added by Pub.L. 95-369.

**Amendments**

2010 Amendments. Subsec. (a)(8)(B)(ii). Pub.L. 111-203, § 363(3)(A), in the matter following subcl. ((IV), struck out "Director of the Office of Thrift Supervision" in two places and inserted "Comptroller of the Currency".

Subsec. (b)(3). Pub.L. 111-203 , § 363(3)(B), inserted "any savings and loan holding company and any subsidiary (other than a depository institution) of a savings and loan holding company (as such terms are defined in section 1467a of

this title)), any noninsured State member bank" before "and to any organization" and "or against a savings and loan holding company or any subsidiary thereof (other than a depository institution or a subsidiary of such depository institution)" before the period at the end.

Subsec. (b)(9).    Pub.L. 111-203, § 363(3)(C), struck out par. (9), which formerly read:

"(9) Expansion of authority to savings and loan affiliates and entities

"Subsections (a) through (s) and subsection (u) of this section shall apply to any savings and loan holding company and to any subsidiary (other than a bank or subsidiary of that bank) of a savings and loan holding company, [sic] whether wholly or partly owned, in the same manner as such subsections apply to a savings association."

Subsec. (e)(7)(A)(v).    Pub.L. 111-203, § 363(3)(D)(i)(I), inserted "and" after the semicolon.

Subsec. (e)(7)(A)(vi).    Pub.L. 111-203, § 363(3)(D)(i)(II), struck out "Board" and inserted "Agency", and struck out "; and" and inserted a period.

Subsec. (e)(7)(A)(vii).    Pub.L. 111-203, § 363(3)(D)(i)(III), struck out cl. (vii).

Subsec. (e)(7)(D)(iii).    Pub.L. 111-203, § 363(3)(D)(ii)(I), inserted "and" after the semicolon.

Subsec. (e)(7)(D)(iv).    Pub.L. 111-203, § 363(3)(D)(ii)(II), struck out "Board" and inserted "Agency", and struck out "; and" and inserted a period.

Subsec. (e)(7)(D)(v).    Pub.L. 111-203, § 363(3)(D)(ii)(III), struck out cl. (v).

Subsec. (j)(2).    Pub.L. 111-203, § 363(3)(E)(i), struck out ", or as a savings association under subsection (b)(9) of this section" following "under subsection (b)(3) or (b)(4) of this section".

Subsec. (j)(3).    Pub.L. 111-203, § 363(3)(E)(ii), inserted "or" after the semicolon.

Subsec. (j)(4).    Pub.L. 111-203, § 363(3)(E)(iii), struck out "; or" and inserted a comma.

Subsec. (j)(5).    Pub.L. 111-203, § 363(3)(E)(iv), struck out par. (5), which formerly read:  "the Resolution Trust Corporation,".

Subsec. (o).    Pub.L. 111-203, § 363(3)(F), struck out "Director of the Office of Thrift Supervision" and inserted "Comptroller of the Currency".

Subsec. (t)(1).    Pub.L. 111-203, § 172(b)(1), inserted ", any depository institution holding company," before "or any institution-affiliated party".

Subsec. (t)(2)(B).    Pub.L. 111-203, § 172(b)(2)(A), struck out "or" at the end.

Subsec. (t)(2)(C).    Pub.L. 111-203, § 172(b)(2)(B), struck out the period and inserted "or" at the end.

Subsec. (t)(2)(D).    Pub.L. 111-203, § 172(b)(2)(C), added subpar. (D).

Subsec. (t)(6).    Pub.L. 111-203, § 172(b)(3), added par. (6), set out first, relating to powers and duties with respect to depository institution holding companies.

Subsec. (t)(6).    Pub.L. 111-203, § 1090(1), added par. (6), set out second, relating to referral to Bureau of Consumer Financial Protection.

Subsec. (w)(3)(A).    Pub.L. 111-203, § 363(3)(G), struck out "and the Office of Thrift Supervision" following "described in paragraph (1)".

2008 Amendments. Subsec. (c)(4).    Pub.L. 110-343, Div. A, § 126(b), added par. (4).

2006 Amendments. Subsec. (b)(1).    Pub.L. 109-351, § 716(a)(1), in the first sentence, struck out "the granting of any application or other request by the depository institution" and inserted "any action on any application, notice, or other request by the depository institution or institution-affiliated party,".

 Pub.L. 109-351, § 717(1)(A), in the first sentence, struck out "in writing by the agency" and inserted "in writing by a Federal banking agency".

 Pub.L. 109-351, § 717(1)(B), struck out "the agency may issue and serve" and inserted "the appropriate Federal banking agency for the depository institution may issue and serve".

Subsec. (b)(3).    Pub.L. 109-351, § 702(c)(1), struck out "This subsection and subsections (c) through (s) and subsection (u) of this section" and inserted "This subsection, subsections (c) through (s) and subsection (u) of this section, and section 1831aa of this title".

Subsec. (b)(4).    Pub.L. 109-351, § 702(c)(2), struck out "This subsection and subsections (c) through (s) and subsection (u) of this section" and inserted "This subsection, subsections (c) through (s) and subsection (u) of this section, and section 1831aa of this title".

Subsec. (e)(1).    Pub.L. 109-351, § 717(2)(B), in the undesignated matter at the end, struck out "the agency may serve upon such party" and inserted "the

appropriate Federal banking agency for the depository institution may serve upon such party".

Subsec. (e)(1)(A)(i)(III).  Pub.L. 109-351, § 716(a)(2), struck out "the grant of any application or other request by such depository institution" and inserted "any action on any application, notice, or request by such depository institution or institution-affiliated party".

Pub.L. 109-351, § 717(2)(A), struck out "in writing by the appropriate Federal banking agency" and inserted "in writing by a Federal banking agency".

Subsec. (e)(2)(A)(ii).  Pub.L. 109-351, § 710(b)(1), struck out "or" at the end.

Subsec. (e)(2)(A)(iii).  Pub.L. 109-351, § 710(b)(2), struck out the comma at the end of clause (iii) and inserted "; or".

Subsec. (e)(2)(A)(iv).  Pub.L. 109-351, § 710(b)(3), added cl. (iv).

Subsec. (e)(4).  Pub.L. 109-351, § 303, struck out the fifth sentence, which formerly read:  "In any action brought under this section by the Comptroller of the Currency in respect to any such party with respect to a national banking association or a District depository institution, the findings and conclusions of the Administrative Law Judge shall be certified to the Board of Governors of the Federal Reserve System for the determination of whether any order shall issue."

Subsec. (g).  Pub.L. 109-351, § 708(a)(2), rewrote the subsec. (g) heading, which formerly read:  "Suspension or removal of institution-affiliated party charged with felony".

Subsec. (g)(1)(A).  Pub.L. 109-351, § 708(a)(1)(A)(i), struck out "is charged in any information, indictment, or complaint, with the commission of or participation in" and inserted "is the subject of any information, indictment, or complaint, involving the commission of or participation in".

Pub.L. 109-351 , § 708(a)(1)(A)(ii), struck out "may pose a threat to the interests of the depository institution's depositors or may threaten to impair public confidence in the depository institution," and inserted "posed, poses, or may pose a threat to the interests of the depositors of, or threatened, threatens, or may threaten to impair public confidence in, any relevant depository institution (as defined in subparagraph (E)),".

Pub.L. 109-351, § 708(a)(1)(A)(iii), struck out "affairs of the depository institution" and inserted "affairs of any depository institution".

Appellate Case: 25-1079      Page: 56      Date Filed: 07/21/2025 Entry ID: 5539506

Subsec. (g)(1)(B)(i).   Pub.L. 109-351, § 708(a)(1)(B), struck out "the depository institution" and inserted "any depository institution that the subject of the notice is affiliated with at the time the notice is issued".

Subsec. (g)(1)(C)(i).   Pub.L. 109-351 , § 708(a)(1)(C)(i), struck out "may pose a threat to the interests of the depository institution's depositors or may threaten to impair public confidence in the depository institution," and inserted "posed, poses, or may pose a threat to the interests of the depositors of, or threatened, threatens, or may threaten to impair public confidence in, any relevant depository institution (as defined in subparagraph (E)),".

 Pub.L. 109-351, § 708(a)(1)(C)(ii), struck out "affairs of the depository institution" and inserted "affairs of any depository institution".

Subsec. (g)(1)(C)(ii).   Pub.L. 109-351, § 708(a)(1)(D), struck out "affairs of the depository institution" and inserted "affairs of any depository institution".

Subsec. (g)(1)(D)(i).   Pub.L. 109-351, § 708(a)(1)(E), struck out "the depository institution" and inserted "any depository institution that the subject of the order is affiliated with at the time the order is issued".

Subsec. (g)(1)(E).   Pub.L. 109-351, § 708(a)(1)(F), added subpar. (E).

Subsec. (i)(2)(A)(iii).   Pub.L. 109-351, § 716(a)(3), struck out "the grant of any application or other request by such depository institution" and inserted "any action on any application, notice, or other request by the depository institution or institution-affiliated party".

 Pub.L. 109-351, § 717(3), struck out "in writing by the appropriate Federal banking agency" and inserted "in writing by a Federal banking agency".

Subsec. (i)(3).   Pub.L. 109-351, § 715(a), inserted "or order" after "notice" each place that term appeared.

Subsec. (p).   Pub.L. 109-173, § 3(a)(6), struck out "semiannual" preceding "assessment period".

Subsec. (q).   Pub.L. 109-173, § 3(a)(7), struck out "semiannual period" and inserted "assessment period".

Subsec. (t)(2)(C).   Pub.L. 109-173, § 8(a)(10), struck out "deposit insurance fund" and inserted "Deposit Insurance Fund".

2000 Amendments. Subsec. (o).   Pub.L. 106-569, § 1232, substituted "subsection (c) or (d) of section 1814 of this title" for "subsection (d) of section 1814 of this title".

1998 Amendments. Subsec. (b)(9). Pub.L. 105-164, § 3(a)(2)(A), struck out "to any service corporation of a savings association and to any subsidiary of such service corporation" preceding ", whether wholly or partly owned,".

Subsec. (e)(7)(A)(ii). Pub.L. 105-164, § 3(a)(2)(B), substituted "(b)(9)" for "(b)(8)".

Subsec. (j)(2). Pub.L. 105-164, § 3(a)(2)(C), substituted "(b)(9)" for "(b)(8)".

Subsec. (u). Pub.L. 105-362, § 1001(d), redesignated former pars. (4) through (8) as pars. (3) through (7) and struck out former par. (3), which read:

"(3) Reports to Congress

"A written report shall be made part of a determination not to hold a public hearing pursuant to paragraph (2) or not to publish a document pursuant to paragraph (1)(A). At the end of each calendar quarter, all such reports shall be transmitted to the Congress."

1994 Amendments. Subsec. (a)(3). Pub.L. 103-325, § 602(a)(11), substituted "paragraph (2)(B)" for "subparagraph (B) of this subsection".

Subsec. (a)(7). Pub.L. 103-325, § 602(a)(12)(A), (B), substituted: in first sentence, "Board of Directors," for "Board of Directors"; and, in third sentence, "for the period" for "for the period the period".

Subsec. (b)(4). Pub.L. 103-325, § 602(a)(13), substituted "paragraph (3) of this subsection" for "subparagraph (3) of this subsection".

Subsec. (c)(2). Pub.L. 103-325, § 602(a)(14), substituted "injunction" for "injuction".

Subsec. (g)(1)(A)(ii). Pub.L. 103-325, § 411(c)(2)(A), inserted reference to section 5324 of Title 31.

Subsec. (g)(2). Pub.L. 103-325, § 602(a)(15), substituted "national bank" for "national depository institution" in two instances and "directors of the bank" for "directors of the depository institution".

Subsec. (o). Pub.L. 103-325, § 602(a)(16)(A), (B), substituted in second sentence "subsection (d)" for "subsection (b)" of section 1814 of this title and "Board of Directors" for "board of directors" in two instances.

Subsec. (p). Pub.L. 103-325, § 602(a)(17), substituted "depository institution" for "banking institution" wherever appearing.

Subsec. (r)(2). Pub.L. 103-325, § 602(a)(18), substituted "agent thereof" for "agent therof".

55

Subsec. (w)(1)(B).  Pub.L. 103-325, § 411(c)(2)(A), inserted reference to section 5324 of Title 31.

1993 Amendments. Subsec. (b)(10).  Pub.L. 103-204, § 25(2), added par. (10).

Subsec. (i)(4)(B).  Pub.L. 103-204, § 25(1), substituted provisions relating to showing of injury, loss, etc., and to State court proceedings, for provisions authorizing grant of injunction or restraining order without bond upon prima facie showing that money damages, restitution, or civil money penalties, as sought by agency, is appropriate.

1992 Amendments. Subsec. (a)(3).  Pub.L. 102-550, § 1503(a)(2), substituted reference to subpar. (B) and subsec. (w) for reference to subpar. (B).

Subsec. (e)(2).  Pub.L. 102-550, § 1504(a)(1), substituted provisions relating to notice of intent to remove an institution-affiliated party who has committed, or has knowledge of, a violation, along with factors to be considered in determining whether such party should be removed, for provisions relating to notice of intent to remove any director or officer who has committed a violation.

Subsec. (g)(1).  Pub.L. 102-550, § 1504(a)(2), generally amended par., subdividing existing provisions into subpars. (A) to (D), and, in subpar. (A), included violations under section 1956, 1957, or 1960 of Title 18, or section 5322 of Title 31, as cause for suspension of any institution--affiliated party.

Subsec. (i)(1).  Pub.L. 102-550, § 1603(d)(2), amended directory language of section 131(c)(2)(A) of Pub.L. 102-242, by inserting "the 1st and 2d place such term appears" before the semicolon, which resulted in the insertion of an additional reference to section 1831$o$ of this title in text.

 Pub.L. 102-550, § 1603(d)(3), inserted two references to section 1831p-1 of this title, and substituted "order under any such section, or to review" for "order under this section, or to review".

Subsec. (i)(2)(A)(ii).  Pub.L. 102-550, § 1603(d)(4), included violation of any final order under section 1831$o$ or 1831p-1 of this title among those violations which are subject to first tier civil money penalties.

Subsec. (q).  Pub.L. 102-558, § 303(b)(6)(A), redesignated former section 302(e)(4) of Pub.L. 102-242 as section 302(e)(5) of Pub.L. 102-242 , resulting in no change in text.

Subsec. (t)(2)(B).  Pub.L. 102-550, § 1605(a)(11)(A), inserted "institution--affiliated party" following "institution" wherever appearing.

56

Subsec. (t)(2)(C). Pub.L. 102-550, § 1605(a)(11)(B), substituted "the conduct or threatened conduct" for "the institution's conduct or threatened conduct".

Subsec. (t)(5)(A). Pub.L. 102-550, § 1605(a)(11)(C), inserted "or institution--affiliated party" following "depository institution".

Subsec. (w). Pub.L. 102-550, § 1503(a)(1), added subsec. (w).

1991 Amendments. Subsec. (b)(8). Pub.L. 102-242, § 131(c)(1), added par. (8). Former par. (8) was redesignated (9).

Subsec. (b)(9). Pub.L. 102-242, § 131(c)(1), redesignated par. (8) as (9).

Subsec. (e)(7)(D)(v). Pub.L. 102-233, § 302(a), substituted reference to Thrift Depositor Protection Oversight Board for reference to Oversight Board.

Subsec. (i)(1). Pub.L. 102-242, § 131(c)(2)(A), inserted "or under section 1830*o* of this title" after "section" in the first sentence.

Subsec. (i)(2)(A)(ii). Pub.L. 102-242, § 131(c)(2)(B), inserted ", or final order under section 1830*o* of this title" after "section".

Subsec. (q). Pub.L. 102-242, § 302(e)(5), as redesignated Pub.L. 102-558, § 303(b)(6)(A), substituted "with respect to the deposits" for "upon the deposits".

Subsec. (t). Pub.L. 102-242, § 307, in par. (1) added writing requirements, in par. (2) added subpar. (C), added par. (4), redesignated former par. (4) as (5) and as so designated in subpar. (B) required each appropriate agency rather than Director only to report on requests, and struck out former par. (5), which prohibited delegation of decisions.

1990 Amendments. Subsec. (b)(4). Pub.L. 101-647, § 2596(a)(2), substituted "subsections (c) through (s) and subsection (u) of this section" for "subsections (c), (d), (h), (i), (k), (l), (m), and (n) of this section".

Subsec. (b)(6). Pub.L. 101-647, § 2596(a)(1), substituted "to take affirmative action to correct or remedy" for "to take affirmative action to correct".

Subsec. (c)(1). Pub.L. 101-647, § 2596(b)(1), (2), substituted "affirmative action to prevent or remedy" for "affirmative action to prevent" and "(b)(6)" for "(b)(6)(B)".

Subsec. (h)(1). Pub.L. 101-647, § 2547(a)(2), struck the second sentence "Such hearing shall be private, unless the appropriate Federal banking agency, in its discretion, after fully considering the views of the party afforded the hearing, determines that a public hearing is necessary to protect the public interest." See subsec. (u)(2) of this section.

Subsec. (i)(4).    Pub.L. 101-647 added par. (4).

Subsec. (u).    Pub.L. 101-647, § 2547(a)(1), substituted the subsec. heading "Public disclosures of final orders and agreements" for "Public disclosure of final orders"; enacted par. (1)(A); redesignated as par. (1)(B) former par. (1)(A), substituting therein "any other law" for "any other provision of law"; redesignated as par. (1)(C) former par. (1)(B), substituting therein "any order or agreement made public pursuant to this paragraph" for "any final order described in subparagraph (A) of this paragraph"; added pars. (2) to (4) and (6) to (8); and redesignated as par. (5) former par. (2), substituting "publication of a final order pursuant to paragraph (1)(B) would seriously threaten the safety and soundness of an insured depository institution, the agency may delay the publication of the document for a reasonable time" for "publication of any final order pursuant to paragraph (1) would seriously threaten the safety or soundness of an insured depository institution, such agency may delay the publication of such order for a reasonable time".

Subsec. (v).    Pub.L. 101-647 added subsec. (v).

1989 Amendments. Heading.    Pub.L. 101-73, § 201(a)(1), substituted "depository institution" for "insured bank".

Subsec. (a).    Pub.L. 101-73, § 926(1), substituted "Termination of insurance" for "Notice by bank of intention; citation of bank for unsound practices or violations; hearings; judicial review" in the subsec. (a) heading.

 Pub.L. 101-73, § 201(a)(1), directed that "insured depository institution" be substituted for "insured bank" wherever appearing.

 Pub.L. 101-73, § 201(b), directed that "Director of the Office of Thrift Supervision" be substituted for "Federal Home Loan Bank Board" wherever appearing.

 Pub.L. 101-73, § 901(d), directed that "depository institution" be substituted for "bank" following "any", "district", "foreign", "member", "national", "savings", "State", "such" and "the".

Subsec. (a)(1).    Pub.L. 101-73, § 926(1), designated existing provisions in part as par. (1), and in par. (1), as so designated, added par. heading, substituted reference to a Federal branch, a Federal savings association, or an insured branch which is required to be insured under section 3104(a) or (b) of this title for references to foreign banks having insured Federal branches or insured branches required to be insured under section 3104(a) or (b) of this title.

58

Subsec. (a)(2).  Pub.L. 101-73, § 926(1), designated existing provisions in part as par. (2), and in par. (2), as so designated, added par. heading, substituted provisions requiring notification of the appropriate Federal banking agency with respect to such institution (if other than the Corporation) or the State banking supervisor of such institution (if the Corporation is the appropriate Federal banking agency) for provisions requiring notification of the Comptroller of the Currency in the case of a national bank or a district bank, to the Federal Home Loan Bank Board in the case of an insured Federal savings bank, to the authority having supervision of the bank in the case of a State bank, or the Board of Governors of the Federal Reserve System in the case of a State member bank, as the case may be, and, substituted provision requiring notice to the appropriate Federal banking agency or State banking supervisor to be given not less than 30 days before the notice required by subparagraph (B), with certain exceptions, for provision that written notice of intention to terminate the bank's status as an insured bank had to be given unless any required corrections of violations were made within 120 days, or such shorter period not less than 20 days fixed by the Corporation.

Subsec. (a)(3).  Pub.L. 101-73, § 926(1), designated existing provisions in part as par. (3), in par. (3), as so designated, added par. heading, added reference to section 554 of Title 5, deleted reference to correction of violations within the time prescribed for making such corrections, and deleted reference to such termination becoming effective subsequent to expiration of the time specified in such notice of intention.

Subsec. (a)(4).  Pub.L. 101-73, § 926(2), designated existing provisions in part as par. (4), and in par. (4), as so designated, added par. heading.

Subsec. (a)(5).  Pub.L. 101-73, § 926(3), designated existing provisions in part as par. (5), and in par. (5), as so designated, added par heading, and substituted "Any insured depository institution whose insured status" for "Any insured bank whose insured status".

Subsec. (a)(6).  Pub.L. 101-73, § 926(4), designated existing provisions in part as par. (6), and in par. (6), as so designated, added par. heading.

Subsec. (a)(7).  Pub.L. 101-73, § 926(5), (6), designated existing provisions in part as par. (7), in par. (7), as so designated, added par. heading, substituted "of at least 6 months or up to 2 years, within the discretion of the Board of Directors" for "of two years" the first place such term appeared, "the period referred to in the 1st sentence" for "of two years" the second place such term appeared, and struck out "of two years" following "within such period".

Subsec. (a)(8) to (10).  Pub.L. 101-73, § 926(7), added pars. (8) to (10).

59

Subsec. (b).    Pub.L. 101-73, § 901(b)(1)(A), (B), directed that references to institution-affiliated parties be substituted for references to directors, officers, employees, agents or other persons participating in the conduct of banks, as appropriate.

Subsec. (b)(1), (2).    Pub.L. 101-73, § 901(d), substituted "the depository institution" and "such depository institution" for "the bank" and "such bank" wherever appearing.

Subsec. (b)(3).    Pub.L. 101-73, § 902(a)(1)(A), substituted "subsections (c) through (s) and subsection (u)" for "subsections (c) through (f) and (h) through (n)".

Subsec. (b)(5).    Pub.L. 101-73, § 201(a)(1), substituted "insured depository institution" for "insured bank".

Subsec. (b)(6) to (8).    Pub.L. 101-73, § 902(a)(1)(C), added pars. (6) to (8).

Subsec. (c).    Pub.L. 101-73, § 901(b)(1)(B), substituted references to institution-affiliated parties for references to directors, officers, employees, agents or other persons participating in the conduct of banks, as appropriate.

 Pub.L. 101-73, § 901(d), directed that "the depository institution" be substituted for "the bank" wherever appearing.

Subsec. (c)(1).    Pub.L. 101-73, § 902(a)(2)(A), substituted "insolvency or significant dissipation" for "insolvency or substantial dissipation", and struck out "seriously" preceding "weaken the condition of" and preceding "prejudice the interests of", and added "Such order may include any requirement authorized under subsection (b)(6)(B) of this section".

Subsec. (c)(3).    Pub.L. 101-73, § 902(a)(2)(B), added par. (3).

Subsec. (d).    Pub.L. 101-73, § 901(d), substituted "the depository institution" for "the bank".

Subsec. (e).    Pub.L. 101-73, § 901(d), substituted "the depository institution", "such depository institution" and "District depository institution" for "the bank", "such bank" and "District bank" wherever appearing.

 Pub.L. 101-73, § 201(a)(1), substituted "insured depository institution" for "insured bank" wherever appearing.

Subsec. (e)(1).    Pub.L. 101-73, § 903(a)(1), amended subsec. (e)(1) generally by, among other changes, giving existing provisions par. and subpar. designations, and by adding as conditions for removal of a party a violation of any condition

60

imposed by writing in connection with a grant of any application or request, and violation of any written agreement between such depository institution and agency.

Subsec. (e)(2). Pub.L. 101-73, § 903(a)(2), redesignated former par. (3) as (2).

Subsec. (e)(3). Pub.L. 101-73, § 903(a)(2), added par. (3). Former par. (3) was redesignated as (2).

Subsec. (e)(4). Pub.L. 101-73, § 901(b)(1)(C), substituted references to institution-affiliated parties for references to directors, officers, or other persons, as appropriate.

Pub.L. 101-73, § 903(a)(2), redesignated former par. (5) as (4). Former par. (4) was struck out.

Subsec. (e)(5). Pub.L. 101-73, § 901(b)(1)(D), added "within the term 'institution-affiliated party' " following "the term 'officer' ", and added "within the term 'institution-affiliated party' as used in the subsection" following "the term 'director' ".

Pub.L. 101-73, § 903(a)(2), redesignated former par. (5) as (4).

Subsec. (e)(6). Pub.L. 101-73, § 903(a)(2), (3), added par. (6). Former par. (6) was redesignated as (5).

Subsec. (e)(7). Pub.L. 101-73, § 904(a), added subsec. (e)(7).

Subsec. (f). Pub.L. 101-73, § 901(b)(1)(E), substituted "any institution-affiliated party" and "such party" for "any director, officer, or other person" and "such director, officer, or other person", respectively, wherever appearing.

Pub.L. 101-73, § 901(d), substituted "the depository institution" for "the bank".

Pub.L. 101-73, § 903(a)(4)(A), substituted "insured bank under subsection (e)(3)" for "insured bank under subsection (e)(4)", and "subsection (e)(1) or (2) of this section, and such court" for "subsection (e)(1), (e)(2), or (e)(3) of this section, and such court".

Subsec. (g). Pub.L. 101-73, § 901(d), substituted "the depository institution", "such depository institution", "in depository institution" and "national depository institution" for "the bank", "such bank", "in bank" and "national bank".

Subsec. (g)(1). Pub.L. 101-73, § 901(b)(1)(F), substituted "institution-affiliated party" for "director or officer of an insured bank, or other person participating in the conduct of the affairs of such bank", "such party" for "the individual" wherever appearing, "such party" for "such director, officer, or other person" wherever appearing, "such party" for "him" wherever appearing, "party" for "director,

61

officer or other person", and "whereupon such party (if a director or an officer)" for "whereupon such director or officer".

Pub.L. 101-73, § 903(a)(4)(B), substituted "paragraph (1), (2), or (3)" for "paragraph (1), (2), (3), or (4)".

Pub.L. 101-73, § 906(a), struck out "authorized by a United States attorney" following "information, indictment, or complaint", and substituted "or an agreement to enter a pre-trial diversion or other similar program" for "with respect to such crime".

Subsec. (g)(3).   Pub.L. 101-73, § 901(b)(1)(G), substituted "the institution-affiliated party concerned" for "the director, officer, or other person concerned", and "such party" for "such individual", "the concerned director, officer, or other person", and any other reference to the director, officer or other person, as appropriate.

Subsec. (h).   Pub.L. 101-73, § 901(d), substituted "the depository institution" for "the bank" wherever appearing.

Subsec. (h)(2).   Pub.L. 101-73, § 920(a), substituted "Any party to any proceeding under paragraph (1)" for "Any party to the proceeding, or any person required by an order issued under this section to cease and desist from any of the violations or practices stated therein,".

Pub.L. 101-73, § 901(b)(1)(H), substituted "institution-affiliated party" for "director or officer or other person".

Subsec. (i)(1), (2)(i).   Pub.L. 101-73, § 901(d), substituted "the depository institution" and "a depository institution" for "the bank" and "a bank".

Subsec. (i)(2)(i) to (v).   Pub.L. 101-73, § 201(a)(1), substituted "insured depository institution" for "insured bank" wherever appearing.

Subsec. (i)(2).     Pub.L. 101-73, § 907(a), designated existing provisions as subpar. (A), and in subpar. (A) as so designated, substituted provisions imposing a fine of $5,000 per day for violation of any law or regulation, a final or temporary order, any condition imposed in writing, or any written agreement for provisions imposing a fine of $1,000 per day for violation of any final order, authorizing the penalizing agency to compromise or modify such penalty, providing for assessment and collection of such penalty by written notice, and defining the word "violates", and added subpars. (B) to (K).

Subsec. (i)(3).   Pub.L. 101-73, § 905(a), added par. (3).

Appellate Case: 25-1079    Page: 65    Date Filed: 07/21/2025 Entry ID: 5539506

Subsec. (j).   Pub.L. 101-73, §  201(a)(1), substituted "insured depository institution" for "insured bank".

 Pub.L. 101-73, §  901(d), substituted "the depository institution", "such depository institution" and "any depository institution" for "the bank", "such bank" and "any bank", respectively.

 Pub.L. 101-73, §  908(a), substituted provisions for a fine of not more than $1,000,000 or imprisonment for not more than 5 years for whoever, subject to an order under subsec. (e) or (g) without prior approval participates in activity in violation of such order or of subsec. (e)(6) in the conduct of institutions listed in pars. (1) to (5) for provisions imposing a fine of not more than $5,000 or imprisonment of not more than one year or both for anyone against whom is outstanding an order or notice and who participates in the conduct of the affairs of the bank, or votes proxies or without approval serves or acts as a director, officer or employee.

Subsec. (k).   Pub.L. 101-73, §  901(d), substituted "the depository institution" for "the bank".

 Pub.L. 101-73, §  920(c), struck out subsec. (k), which defined the terms "cease-and-desist order which has become final", "order which has become final", and "violation" as those terms were used in this section.

Subsec. (l).   Pub.L. 101-73, §  901(d), substituted "State depository institution" for "State bank".

 Pub.L. 101-73, §  901(b)(1)(I), substituted "institution-affiliated party" for "director or officer thereof or other person participating in the conduct of its affairs".

Subsec. (m).   Pub.L. 101-73, §  901(b)(1)(J), substituted "institution-affiliated party" for "director, or officer or other person participating in the conduct of its affairs".

Subsec. (n).   Pub.L. 101-73, §  201(a)(1), substituted "insured depository institution" for "insured bank".

 Pub.L. 101-73, §  901(d), substituted "the depository institution" for "the bank".

Subsec. (o).   Pub.L. 101-73, §  201(a)(1), substituted "insured depository institution" for "insured bank".

 Pub.L. 101-73, §  201(b), substituted "Director of the Office of Thrift Supervision" for "Federal Home Loan Bank Board".

Appellate Case: 25-1079     Page: 66     Date Filed: 07/21/2025 Entry ID: 5539506

Subsec. (q).    Pub.L. 101-73, § 201(a)(1), substituted "insured depository institution" for "insured bank" wherever appearing.

 Pub.L. 101-73, § 901(d), substituted "or depository institutions" and "the depository institution" for "or banks" and "the bank", respectively.

Subsec. (s).    Pub.L. 101-73, § 201(a)(1), substituted "insured depository institutions" and "insured depository institution" for "insured banks" and "insured bank", respectively, wherever appearing.

 Pub.L. 101-73, § 901(d), substituted "such depository institution" and "the depository institution" for "such bank" and "the bank".

Subsec. (t).    Pub.L. 101-73, § 912, added subsec. (t).

Subsec. (u).    Pub.L. 101-73, § 913(a), added subsec. (u).

1986 Amendments. Subsec. (i)(2)(i).    Pub.L. 99-570, § 1359(a)(2), added reference to subsec. (s) of this section.

Subsec. (s).    Pub.L. 99-570, § 1359(a)(1), added subsec. (s).

1982 Amendments. Subsec. (a).    Pub.L. 97-320, § 113(g)(1), added "to the Federal Home Loan Bank Board in the case of an insured Federal savings bank," after "national bank or a district bank,".

 Pub.L. 97-320, § 113(g)(2), added "or the Federal Home Loan Bank Board in the case of an insured Federal savings bank," after "Currency in the case of a national bank,".

Subsec. (b)(3).    Pub.L. 97-320, § 425(b), substituted "25(a)" for "25A".

Subsec. (b)(4).    Pub.L. 97-320, § 425(c), substituted "purposes of this paragraph" for "purposes of this subparagraph".   See codification note under this section.

Subsec. (b)(5).    Pub.L. 97-320, § 404(c), added par. (5).

Subsec. (e)(3).    Pub.L. 97-320, § 427(d)(1)(A), added par. (3).   Former par. (3) redesignated (4).

Subsec. (e)(4).    Pub.L. 97-320, § 427(d)(1)(A), (B), redesignated former par. (3) as (4) and inserted references to par. (3) of this subsection in two instances.   Former par. (4) redesignated (5).

Subsec. (e)(5), (6).    Pub.L. 97-320, § 427(d)(1)(A), redesignated former pars. (4) and (5) as (5) and (6), respectively.

Appellate Case: 25-1079    Page: 67    Date Filed: 07/21/2025 Entry ID: 5539506

Subsec. (f).    Pub.L. 97-320, § 427(d)(2), substituted references to "subsection (e)(4)" for "subsection (e)(5) or (e)(7)" and "subsection (e)(1), (e)(2), or (e)(3)" for "subsection (e)(1), (e)(3), or (e)(7)".

Subsec. (g)(1).    Pub.L. 97-320, § 427(d)(3), in penultimate sentence, included reference to par. (4) of subsec. (e) of this section.

Subsec. (i)(2)(i).    Pub.L. 97-320, § 424(c), (d)(6), added proviso giving agency discretionary authority to compromise, etc., any civil money penalty imposed under such authority, and substituted "may be assessed" for "shall be assessed".

Subsec. (i)(2)(iv).    Pub.L. 97-320, § 424(e), substituted "twenty days from the service" for "ten days from the date".

Subsec. (j).    Pub.L. 97-320, § 427(d)(4), deleted reference to subsec. (e)(3) and included reference to subsec. (e)(5) of this section.

Subsec. (o).    Pub.L. 97-320, § 113(h), added provision that whenever the insured status of an insured Federal savings bank shall be terminated by the Board of Directors, the Federal Home Loan Bank Board shall appoint a receiver for the bank, which shall be the Corporation.

Subsec. (q).    Pub.L. 97-320, § 433(a), struck out item (3) provisions requiring the assuming or resulting bank to give notice of an assumption to each of the depositors of the bank whose liabilities are so assumed within thirty days after such assumption takes effect.

1978 Amendments. Subsec. (a).    Pub.L. 95-369, § 6(c)(14), added ", a foreign bank having an insured branch which is a Federal branch, a foreign bank having an insured branch which is required to be insured under section 3104(a) or (b) of this title," after "(except a national member bank".

Subsec. (b)(1), (2).    Pub.L. 95-630, § 107(a)(1), extended coverage of par. (1) to include directors, officers, employees, agents, or other persons participating in the conduct of the affairs of an insured bank or a bank which has insured deposits, and reenacted par. (2) without change.

Subsec. (b)(3).    Pub.L. 95-630, § 107(b), substituted "subsections (c) through (f) and (h) through (n) of this section" for "subsections (c), (d), (h), (i), (k), (l), (m), and (n) of this section" and added provisions relating to any organization organized and operated under § 25A of the Federal Reserve Act or operating under § 25 of the Federal Reserve Act and provisions relating to the issuance of a notice of charges or cease-and-desist order against a bank holding company or subsidiary by any Federal banking agency other than the Board of Governors of the Federal Reserve System.

Appellate Case: 25-1079    Page: 68    Date Filed: 07/21/2025 Entry ID: 5539506

Subsec. (b)(4).   Pub.L. 95-369, § 11, added par. (4).

Subsec. (c).   Pub.L. 95-630, § 107(c)(1), in pars. (1) and (2) added references to any director, officer, employee, agent, or other person participating in the conduct of the affairs of the bank and in par. (1) inserted "prior to the completion of the proceedings conducted pursuant to paragraph (1) of subsection (b) of this section" following "interests of its depositors" and "and to take affirmative action to prevent such insolvency, dissipation, condition, or prejudice pending completion of such proceedings" following "violation or practice".

Subsec. (e).   Pub.L. 95-630, §§ 107(d)(1), 208(a), generally revised and condensed the provisions relating to the suspension and removal of bank directors and officers, consolidated procedures relating to the certification of facts to the Board of Governors of the Federal Reserve System by the Comptroller of the Currency, substituted references to insured banks for references to insured State banks (other than a District Bank), and added provisions defining "officer" and "director" for the purpose of enforcing any law, rule, etc., in connection with an interlocking relationship.

Subsec. (g).   Pub.L. 95-630, § 111(a)(1), among other changes, inserted in par. (1) ", if continued service or participation by the individual may pose a threat to the interests of the bank's depositors or may threaten to impair public confidence in the bank" following "agency may" in two places, added provision that any notice of suspension or order of removal issued under this paragraph remain effective and outstanding until the completion of any hearing or appeal authorized under paragraph (3) hereof unless terminated by the agency, and added par. (3).

Subsec. (h)(1).   Pub.L. 95-630, § 111(a)(2), inserted "(other than the hearing provided for in subsection (g)(3) of this section)" following "provided for in this section".

Subsec. (i).   Pub.L. 95-630, § 107(e)(1), designated existing provisions as par. (1) and added par. (2).

Subsec. (j).   Pub.L. 95-630, § 111(a)(3), substituted "subsections (e)(3), (e)(4)" for "subsections (e)(5), (e)(7), (e)(8)".

Subsec. (k).   Pub.L. 95-630, § 111(a)(4), substituted "paragraph (1) or (3) of subsection (g)" for "paragraph (1) of subsection (g)".

Subsec. (n).   Pub.L. 95-630, § 111(a)(5), added provision creating a criminal penalty for a willful failure or refusal to attend and testify or to answer any lawful

66

inquiry or to produce books, papers, etc. in obedience to the subpoena of the appropriate Federal banking agency.

Pub.L. 95-630 , §  303, inserted "or in connection with any claim for insured deposits or any examination or investigation under section 1820(c) of this title," following "proceeding under this section,", "examination, or investigation or considering the claim for insured deposits," following "conducting the proceeding,", and "such agency or any" preceding "party to proceedings" and substituted "any such proceedings, claims, examinations, or investigations" for "any such proceedings" and "subpenaed under this subsection" for "subpenaed under this section".

Subsec.  (q).    Pub.L. 95-630 , §  304, among other changes, substituted provisions requiring the assuming or resulting bank to give notice of an assumption to each of the depositors of the bank whose liabilities are so assumed within thirty days after such assumption takes effect for provisions requiring the bank whose liabilities are being assumed to give notice of such assumption to its depositors within thirty days after such assumption takes effect, by publication or by any reasonable means, in accordance with regulations to be prescribed by the Board of Directors.

Subsec.  (r).    Pub.L. 95-369, §  6(c)(15), added subsec. (r).

1974 Amendments. Subsec. (b)(3).    Pub.L. 93-495 added par. (3).

1966 Amendments. Subsec. (a).    Pub.L. 89-695, §  204, enlarged the authority of the Corporation to institute involuntary termination proceedings against an insured bank which had engaged in or whose directors or trustees had engaged in, rather than merely continued unsafe or unsound practices, or was in an unsafe or unsound condition to continue operations as an insured bank, or had violated any law, rule, regulation or order, or any condition imposed in writing by the Corporation or any written agreement entered into with the Corporation; made it clear that the Corporation would be required to give the State authority a copy of the statement dealing with the practices or violations where the State bank involved was a State member bank; provided for an alternative and shortened correction period of not less than twenty days in those cases where the Board of Directors of the Corporation on its discretion determined that the insurance risk of the Corporation was unduly jeopardized; provided the State authority with power to shorten the correction period in those cases involving State banks whether member or nonmember banks; transposed the position of the fourth and fifth sentences; and provided a bank whose insured status had been terminated with right of judicial review to the extent provided in subsec. (h) of this section.

67

Subsecs. (b) to (n). Pub.L. 89-695, § 202, added subsecs. (b) to (n). Former subsecs. (b) to (d) redesignated (o) to (q), respectively.

Subsecs. (o) to (q). Pub.L. 89-695, § 202, redesignated former subsecs. (b) to (d) as (o) to (q), respectively.

**Effective and Applicability Provisions**

2010 Acts. Except as otherwise specifically provided, Pub.L. 111-203 and such amendments by Pub.L. 111-203 are effective 1 day after July 21, 2010, see Pub.L. 111-203 , § 4, set out as a note under 12 U.S.C.A. § 5301 .

Except as otherwise provided in Pub.L. 111-203 , § 364(a), amendments by subtitle E of Title III of Pub.L. 111-203 shall take effect on the transfer date [the date that is 1 year after July 21, 2010, unless extended by the Secretary, see 12 U.S.C.A. § 5411 ], see Pub.L. 111-203 , § 351, set out as a note under 2 U.S.C.A. § 906 .

Amendments by Pub.L. 111-203, Title X, subtitle H, § 1081 et seq., shall become effective on the designated transfer date [see 12 U.S.C.A. § 5582 for definition of "designated transfer date"], see Pub.L. 111-203 , § 1100H, set out as a note under 5 U.S.C.A. § 552a .

2006 Acts. Amendments made by Pub.L 109-173 , § 3(a), effective on date that the final regulations required under section 2109(a)(5) of the Federal Deposit Insurance Reform Act of 2005 [ Pub.L. 109-171, Title II, § 2109(a)(5) , Feb. 8, 2006, 120 Stat. 20, which is set out as a note under 12 U.S.C.A. § 1817 ] take effect, see Pub.L. 109-173 , § 3(b), set out as a note under 12 U.S.C.A. § 1817 .

Amendments made by Pub.L. 109-173 , § 8(a), shall take effect on the date of the merger of the Bank Insurance Fund (BIF) and the Savings Association Insurance Fund (SAIF) pursuant to the Federal Deposit Insurance Reform Act of 2005, Pub.L. 109-171 , § 2102, which is set out as note under 12 U.S.C.A. § 1821 , under the terms of Pub.L. 109-173 , § 8(b), set out as a note under 12 U.S.C.A. § 1813 . The Federal Deposit Insurance Corporation made the merger effective March 31, 2006, see 71 F.R. 19810, April 18, 2006.

1992 Acts. Amendment by section 303(b)(6)(A) of Pub.L. 102-558 deemed to have become effective Mar. 1, 1992, see section 304 of Pub.L. 102-558, set out as a note under 50 U.S.C.A. § 4502.

Amendment by sections 1603(d)(2) to (4) and 1605(a)(5)(A), (11) of Pub.L. 102-550 effective as if included in the Federal Deposit Insurance Corporation Improvement Act of 1991, Pub.L. 102-242 , as of Dec. 19, 1991, except that where amendment is to any provision of law added or amended by Pub.L. 102-

Appellate Case: 25-1079    Page: 71    Date Filed: 07/21/2025 Entry ID: 5539506

242 effective after Dec. 19, 1992, then amendment by Pub.L. 102-550 effective on effective date of amendment by Pub.L. 102-242, see section 1609 of Pub.L. 102-550, set out as a note under 12 U.S.C.A. § 191.

1991 Acts. Amendment by section 131(c)(1) and (2) of Pub.L. 102-242 effective 1 year after Dec. 19, 1991, see section 131(f) of Pub.L. 102-242, set out as a note under 12 U.S.C.A. § 1464.

Amendment by section 302(e)(4) of Pub.L. 102-242 effective on the earlier of 180 days after the date on which final regulations promulgated in accordance with section 302(c) of Pub.L. 102-242, set out as a note under section 1817 of this title, become effective or Jan. 1, 1994, see section 302(g) of Pub.L. 102-242, set out as a note under 12 U.S.C.A. § 1817.

1990 Acts. Pub.L. 101-647, Title XXV, § 2547(a)(3), Nov. 29, 1990, 104 Stat. 4887, provided that: "The amendment made by paragraph (1) [amending subsec. (u) of this section] shall apply with respect to all written agreements which are entered into and all written statements which become effective after the date of the enactment of this Act [Nov. 29, 1990]."

1989 Acts. Amendment by section 903 of Pub.L. 101-73, effective Aug. 9, 1989, see section 903(e) of Pub.L. 101-73, set out as a note under 12 U.S.C.A. § 1786.

Amendments applicable to conduct engaged in after Aug. 9, 1989, except that increased maximum penalties of $5,000 and $25,000 may apply to conduct engaged in before such date if such conduct is not already subject to a notice issued by the appropriate agency and occurred after completion of the last report of the examination of the institution by the appropriate agency occurring before Aug. 9, 1989, see section 907(*l*) of Pub.L. 101-73, set out as a note under 12 U.S.C.A. § 93.

1986 Acts. The regulations required to be prescribed under amendment by Pub.L. 99-570 effective at end of 3-month period beginning on Oct. 27, 1986, see section 1364(e) of Pub.L. 99-570, set out as a note under 12 U.S.C.A. § 1464.

1978 Acts. Amendment by Pub.L. 95-630, except for amendment of subsec. (i) by § 107(e)(1) of such Act, effective upon the expiration of 120 days after Nov. 10, 1978, see section 2101 of Pub.L. 95-630, set out as a note under 12 U.S.C.A. § 375b.

**Sunset Provisions**

Pub.L. 91-609, Title IX, § 908, Dec. 31, 1970, 84 Stat. 1811, repealed § 401 of Pub.L. 89-695 which had provided that: "The provisions of titles I and II of this Act [amending sections 1464, 1730, 1813, 1817 to 1820 and repealing section

77 of this title and enacting provisions set out as notes under sections 1464, 1730, and 1813 of this title] and any provisions of law enacted by said titles shall be effective only during the period ending at the close of June 30, 1972. Effective upon the expiration of such period, each provision of law amended by either of such titles is further amended to read as it did immediately prior to the enactment of this Act [Oct. 16, 1966] and each provision of law repealed by either of such titles is reenacted."

Amendment of subsec. (i) by section 107(e)(1) of Pub.L. 95-630 applicable to violations occurring or continuing after Nov. 10, 1978, see section 109 of Pub.L. 95-630, set out as a note under 12 U.S.C.A. § 93.

## Change of Name

Oversight Board redesignated Thrift Depositor Protection Oversight Board, effective Feb. 1, 1992, see section 302(a) of Pub.L. 102-233, formerly set out as a note under 12 U.S.C.A. § 1441a. Thrift Depositor Protection Oversight Board abolished, see section 14(a)-(d) of Pub.L. 105-216, formerly set out as a note under 12 U.S.C.A. § 1441a.

## Repeals

Section 1605(a)(5)(A) of Pub.L. 102-550, which redesignated former par. (4) of section 302(e) of Pub.L. 102-242 (which substituted "with respect to" for "upon" in subsec. (q) of this section) as par. (5) of section 302(e) of Pub.L. 102-242, was repealed by section 305(3) of Pub.L. 102-558, set out as a note under section 1815 of this title; identical amendment was made by section 303(b)(6)(A) of Pub.L. 102-558.

Section 6(c)(14), (15), of Pub.L. 95-369, set out in the credit of this section, was repealed by Pub.L. 102-550, Title XVI, § 1604(a) (10), Oct. 28, 1992, 106 Stat. 4082.

## Savings Provisions

For savings provisions and continuation of orders, resolutions, determinations, and regulations under the Resolution Trust Corporation Thrift Depositor Protection Reform Act of 1991, Pub.L. 102-233, Title III, §§ 301 to 318, Dec. 12, 1991, 105 Stat. 1767 to 1773, see section 317 of Pub.L. 102-233, set out as a note under 12 U.S.C.A. § 1441a.

## Severability of Provisions

If any provision of Pub.L. 111-203, an amendment made by Pub.L. 111-203, or the application of such provision or amendment to any person or circumstance is

Appellate Case: 25-1079     Page: 73     Date Filed: 07/21/2025 Entry ID: 5539506

held to be unconstitutional, the remainder of Pub.L. 111-203, the amendments made by Pub.L. 111-203, and the application of the provisions of such to any person or circumstance shall not be affected, see 12 U.S.C.A. § 5302.

If any provision of Pub.L. 102-242 or any application of any provision thereof to any person or circumstance is held invalid, the remainder of Pub.L. 102-242 and the application of any remaining provision of such Act to any other person or circumstance not to be affected by such holding, see section 481 of Pub.L. 102-242, set out as a note under 12 U.S.C.A. § 1811 .

If any provision of Pub.L. 101-73 or the application thereof to any person or circumstance is held invalid, the remainder of Pub.L. 101-73 and the application of the provision to other persons not similarly situated or to other circumstances not to be affected thereby, see section 1221 of Pub.L. 101-73, set out as a note under 12 U.S.C.A. § 1811.

**Prior Provisions**

Section is derived from subsec. (i) of former 12 U.S.C.A. § 264. See Codifications note set out under 12 U.S.C.A. § 1811.

**STATUTORY NOTES**

**Transfer Date Defined**

For purposes of Pub.L. 111-203, "transfer date" means the date that is 1 year after July 21, 2010, unless extended by the Secretary, see 12 U.S.C.A. § 5411.

**Designated Transfer Date Defined**

For purposes of Pub.L. 111-203, not later than 60 days after July 21, 2010, a single calendar date shall be designated for the transfer of functions to the Bureau of Consumer Financial Protection which shall be not earlier than 180 days after July 21, 2010, nor later than 12 months after July 21, 2010, unless extended, see 12 U.S.C.A. § 5582.

**Abolition of Reconstruction Finance Corporation**

Section 6(a) of Reorg. Plan No. 1 of 1957, eff. June 30, 1957, 22 F.R. 4633, 71 Stat. 647, set out in the Appendix to Title 5, abolished the Reconstruction Finance Corporation. See section 6 of 5 U.S.C.A. APP. 1 REORG. PLAN 1 1957.

**Conditions Governing Employment of Personnel Not Repealed, Modified, or Affected**

Nothing contained in sections 202 and 204 of Pub.L. 89-695 amending this section to be construed as repealing, modifying, or affecting 12 U.S.C.A. § 1829, see section 206 of Pub.L. 89-695, set out as a note under 12 U.S.C.A. § 1813.

**Credit Standards Advisory Committee**

Pub.L. 101-73, Title XII, § 1205, Aug. 9, 1989, 103 Stat. 521, as amended Pub.L. 102-242, Title IV, § 422, Dec. 19, 1991, 105 Stat. 2377; Pub.L. 111-203, Title III, § 367(7) , July 21, 2010, 124 Stat. 1557; Pub.L. 117-286 , § 4(a)(55), Dec. 27, 2022, 136 Stat. 4311, provided that:

"(a) Establishment.--There is hereby established the Credit Standards Advisory Committee (in this section referred to as the 'Committee').

"(b) Membership.--

"(1) Appointment.--The Committee shall consist of 11 members, as follows:

"(A) The Chairman of the Board of Governors of the Federal Reserve System, or the Chairman's designee.

"(B) The Chairperson of the Federal Deposit Insurance Corporation, or the Chairperson's designee.

"(C) The Comptroller of the Currency, or the Comptroller's designee.

"(D) The Chairman of the National Credit Union Administration, or the Chairman's designee.

"(E) 6 members of the public appointed by the President who are knowledgeable with the credit standards and lending practices of insured depository institutions, no more than 3 of whom shall be from the same political party.

(F) [Redesignated (E)]

"(2) Terms.--Each member appointed under paragraph (1)(E) shall serve for the life of the Committee.

"(3) Chairperson.--The Chairperson of the Committee shall be designated by the President from among the members appointed under paragraph (1)(F).

"(4) Vacancies.--Any vacancy on the Committee shall be filled in the manner in which the original appointment was made.

"(5) Pay and expenses.--Members of the Committee shall serve without pay but each member of the Committee shall be reimbursed for expenses incurred in

72

connection with attendance of such members at meetings of the Committee. All expenses of the Committee shall be shared on a pro rata basis, based upon each agency's total budget for the preceding year by the Federal financial regulators specified in subparagraphs (A) through (E) of paragraph (1).

"(6) Meetings.--The Committee shall meet, not less frequently than quarterly, at the call of the chairperson or a majority of the members.

"(c) Duties of the Committee.--The Committee shall do the following:

"(1) Review credit standards, lending practices, and supervision by Federal regulators.--Review the credit standards and lending practices of insured depository institutions and the supervision of such standards and practices by the Federal financial regulators.

"(2) Prepare recommendations.--Prepare written comments and recommendations for the Federal financial regulators to ensure that insured depository institutions adhere to prudential credit standards and lending practices that are consistent for all insured depository institutions, to the maximum extent possible.

"(3) Monitor credit standards, lending practices, and supervision by Federal regulators.--Monitor the credit standards and lending practices of insured depository institutions, and the supervision of such standards and practices by the Federal financial regulators, to ensure that insured depository institutions can meet the demands of a modern and globally competitive financial world.

"(d) Annual report.--

"(1) Required.--Not later than January 30 of each year, the Committee shall submit a report to the Committee on Banking, Finance and Urban Affairs of the House of Representatives and the Committee on Banking, Housing, and Urban Affairs of the Senate.

"(2) Contents.--The report required by paragraph (1) shall describe the activities of the Committee during the preceding year and the reports and recommendations made by the Committee to the Federal financial regulators.

"(e) Conflict of interest guidelines.--The Committee shall prescribe such guidelines as the Committee determines to be appropriate to avoid conflicts of interest with respect to the disclosure to and use by members of the Committee of information relating to insured depository institutions and the Federal financial regulators.

"(f) Chapter 10 of title 5, United States Code, does not apply.--Chapter 10 of title 5, United States Code , shall not apply with respect to the Committee."

Appellate Case: 25-1079    Page: 76    Date Filed: 07/21/2025 Entry ID: 5539506

[Amendments by Pub.L. 111-203, §§ 351 to 378, shall take effect on the transfer date [the date that is 1 year after July 21, 2010, unless extended by the Secretary, see 12 U.S.C.A. § 5411], see Pub.L. 111-203, § 351, set out as a note under 2 U.S.C.A. § 906.]

[For termination, effective May 15, 2000, of reporting provisions under 1205(d) of Pub.L. 101-73, set out in note above, see Pub.L. 104-66, § 3003, as amended, set out as a note under 31 U.S.C.A. § 1113 and page 159 of House Document No. 103-7.]

## Improved Administrative Hearings and Procedures for Federal Banking Agencies and National Credit Union Administration Board

Pub.L. 101-73, Title IX, § 916 , Aug. 9, 1989, 103 Stat. 486, provided that before the close of the 24-month period beginning on Aug. 9, 1989, the appropriate Federal banking agencies (as defined in 12 U.S.C.A. § 1813(q) ]) and the National Credit Union Administration Board were to establish jointly their own pool of administrative law judges, and develop a set of uniform rules and procedures for administrative hearings, including provisions for summary judgment rulings where there are no disputes as to material facts of the case.

## Task Force Study of Delegation of Enforcement Actions

Pub.L. 101-73, Title IX, § 917 , Aug. 9, 1989, 103 Stat. 487, required Federal banking agencies (as defined in 12 U.S.C.A. § 1813(q) ) and the National Credit Union Administration Board to create a joint task force to study the desirability and feasibility of delegating investigation and enforcement authority to their regional or district offices or banks, with the task force directed to submit a report to Congress, with findings and recommendations, together with responses of the Comptroller of the Currency, Director of Office of Thrift Supervision, Chairperson of the Federal Deposit Insurance Corporation, Chairman of the Board of Governors of the Federal Reserve System, and Chairman of the National Credit Union Administration, no later than Sept. 30, 1990.

Appellate Case: 25-1079    Page: 77    Date Filed: 07/21/2025 Entry ID: 5539506

## 12 U.S.C. § 1820(d)

(d) **Annual on-site examinations of all insured depository institutions required**

### (1) In general

The appropriate Federal banking agency shall, not less than once during each 12-month period, conduct a full-scope, on-site examination of each insured depository institution.

### (2) Examinations by Corporation

Paragraph (1) shall not apply during any 12-month period in which the Corporation has conducted a full-scope, on-site examination of the insured depository institution.

### (3) State examinations acceptable

The examinations required by paragraph (1) may be conducted in alternate 12-month periods, as appropriate, if the appropriate Federal banking agency determines that an examination of the insured depository institution conducted by the State during the intervening 12-month period carries out the purpose of this subsection.

### (4) 18-month rule for certain small institutions

Paragraphs (1), (2), and (3) shall apply with "18-month" substituted for "12-month" if--

**(A)** the insured depository institution has total assets of less than $3,000,000,000;

**(B)** the institution is well capitalized, as defined in section 1831o of this title;

**(C)** when the institution was most recently examined, it was found to be well managed, and its composite condition--

**(i)** was found to be outstanding; or

**(ii)** was found to be outstanding or good, in the case of an insured depository institution that has total assets of not more than $200,000,000;

**(D)** the insured institution is not currently subject to a formal enforcement proceeding or order by the Corporation or the appropriate Federal banking agency; and

75

(E) no person acquired control of the institution during the 12-month period in which a full-scope, on-site examination would be required but for this paragraph.

**(5) Certain Government-controlled institutions exempted**

Paragraph (1) does not apply to--

(**A**) any institution for which the Corporation is conservator; or

(**B**) any bridge depository institution, none of the voting securities of which are owned by a person or agency other than the Corporation.

**(6) Coordinated examinations**

To minimize the disruptive effects of examinations on the operations of insured depository institutions--

(**A**) each appropriate Federal banking agency shall, to the extent practicable and consistent with principles of safety and soundness and the public interest

(**i**) coordinate examinations to be conducted by that agency at an insured depository institution and its affiliates;

(**ii**) coordinate with the other appropriate Federal banking agencies in the conduct of such examinations;

(**iii**) work to coordinate with the appropriate State bank supervisor--

(**I**) the conduct of all examinations made pursuant to this subsection; and

(**II**) the number, types, and frequency of reports required to be submitted to such agencies and supervisors by insured depository institutions, and the type and amount of information required to be included in such reports; and

(**iv**) use copies of reports of examinations of insured depository institutions made by any other Federal banking agency or appropriate State bank supervisor to eliminate duplicative requests for information; and

(**B**) not later than 2 years after September 23, 1994, the Federal banking agencies shall jointly establish and implement a system for determining which one of the Federal banking agencies or State bank

76

supervisors shall be the lead agency responsible for managing a unified examination of each insured depository institution and its affiliates, as required by this subsection.

**(7) Separate examinations permitted**

Notwithstanding paragraph (6), each appropriate Federal banking agency may conduct a separate examination in an emergency or under other exigent circumstances, or when the agency believes that a violation of law may have occurred.

**(8) Report**

At the time the system provided for in paragraph (6) is established, the Federal banking agencies shall submit a joint report describing the system to the Committee on Banking, Housing, and Urban Affairs of the Senate and the Committee on Banking, Finance and Urban Affairs of the House of Representatives. Thereafter, the Federal banking agencies shall annually submit a joint report to the Committee on Banking, Housing, and Urban Affairs of the Senate and the Committee on Banking, Finance and Urban Affairs of the House of Representatives regarding the progress of the agencies in implementing the system and indicating areas in which enhancements to the system, including legislature improvements, would be appropriate.

**(9) Standards for determining adequacy of State examinations**

The Federal Financial Institutions Examination Council shall issue guidelines establishing standards to be used at the discretion of the appropriate Federal banking agency for purposes of making a determination under paragraph (3).

**(10) Agencies authorized to increase maximum asset amount of institutions for certain purposes**

At any time after the end of the 2-year period beginning on September 23, 1994, the appropriate Federal banking agency, in the agency's discretion, may increase the maximum amount limitation contained in paragraph (4)(C)(ii), by regulation, from $200,000,000 to an amount not to exceed $3,000,000,000 for purposes of such paragraph, if the agency determines that the greater amount would be consistent with the principles of safety and soundness for insured depository institutions.

77

# 18 U.S.C. § 1001
## Statements or entries generally

**(a)** Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--

>**(1)** falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

>**(2)** makes any materially false, fictitious, or fraudulent statement or representation; or

>**(3)** makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

>shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

**(b)** Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.

**(c)** With respect to any matter within the jurisdiction of the legislative branch, subsection (a) shall apply only to--

>**(1)** administrative matters, including a claim for payment, a matter related to the procurement of property or services, personnel or employment practices, or support services, or a document required by law, rule, or regulation to be submitted to the Congress or any office or officer within the legislative branch; or

>**(2)** any investigation or review, conducted pursuant to the authority of any committee, subcommittee, commission or office of the Congress, consistent with applicable rules of the House or Senate.

Appellate Case: 25-1079    Page: 81    Date Filed: 07/21/2025 Entry ID: 5539506

## 18 U.S.C. § 1517
## Obstructing examination of financial institution

Whoever corruptly obstructs or attempts to obstruct any examination of a financial institution by an agency of the United States with jurisdiction to conduct an examination of such financial institution shall be fined under this title, imprisoned not more than 5 years, or both.

Appellate Case: 25-1079    Page: 82    Date Filed: 07/21/2025 Entry ID: 5539506

## 18 U.S.C. § 1621
## Perjury generally

Whoever--

> **(1)** having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

> **(2)** in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;

is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

## 28 U.S.C. § 2461
## Mode of recovery

**(a)** Whenever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action.

**(b)** Unless otherwise provided by Act of Congress, whenever a forfeiture of property is prescribed as a penalty for violation of an Act of Congress and the seizure takes place on the high seas or on navigable waters within the admiralty and maritime jurisdiction of the United States, such forfeiture may be enforced by libel in admiralty but in cases of seizures on land the forfeiture may be enforced by a proceeding by libel which shall conform as near as may be to proceedings in admiralty.

**(c)** If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to to[1] the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

81

## 28 U.S.C. § 2461 note

**HISTORICAL NOTES**

**Revision Notes and Legislative Reports**

1948 Acts. Subsection (a) was drafted to clarify a serious ambiguity in existing law and is based upon rulings of the Supreme Court. Numerous sections in the United States Code prescribe civil fines, penalties, and pecuniary forfeitures for violation of certain sections without specifying the mode of recovery or enforcement thereof. See, for example, section 567 of Title 12, U.S.C ., 1940 ed., Banks and Banking, section 64 of Title 14, U.S.C ., 1940 ed., Coast Guard, and section 180 of Title 25, U.S.C ., 1940 ed., Indians. Compare section 1(21) of Title 49, U.S.C ., 1940 ed., Transportation.

A civil fine, penalty, or pecuniary forfeiture is recoverable in a civil action. 1943, 63 S.Ct. 379, 317 U.S. 537, 87 L.Ed. 443 , rehearing denied 63 S.Ct. 756, 318 U.S. 799, 87 L.Ed. 1163 ; 1909, 29 S.Ct. 474, 213 U.S. 103, 53 L.Ed. 720 , and cases cited therein.

Forfeiture of bail bonds in criminal cases are enforceable by procedure set out in Rule 46 of the Federal Rules of Criminal Procedure [Title 18, Crimes and Criminal Procedure].

If the statute contemplates a criminal fine, it can only be recovered in a criminal proceeding under the Federal Rules of Criminal Procedure [Title 18, Crimes and Criminal Procedure], after a conviction. The collection of civil fines and penalties, however, may not be had under the Federal Rules of Criminal Procedure, Rule 54(b)(5) , but enforcement of a criminal fine imposed in a criminal case may be had by execution on the judgment rendered in such case, as in civil actions. (See section 569 of Title 18, U.S.C ., 1940 ed., Crimes and Criminal Procedure, incorporated in section 3565 of H.R. 1600, 80th Congress, for revision of the Criminal Code. See also Rule 69 of Federal Rules of Civil Procedure [this title] and Advisory Committee Note thereunder, as to execution in civil actions.)

Subsection (b) was drafted to cover the subject of forfeiture of property generally. Sections in the United States Code specifically providing a mode of enforcement of forfeiture of property for their violation and other procedural matters will, of course, govern and subsection (b) will not affect them. It will only cover cases where no mode of recovery is prescribed.

Words "Unless otherwise provided by enactment of Congress" were inserted at the beginning of subsection (b) to exclude from its application instances where a libel in admiralty is not required. For example, under sections 1607 , 1609 , and 1610

Appellate Case: 25-1079    Page: 85    Date Filed: 07/21/2025 Entry ID: 5539506

of Title 19, U.S.C ., 1940 ed., Customs Duties, the collector of customs may, by summary procedure, sell at public auction, without previous declaration of forfeiture or libel proceedings, any vessel, etc., under $1,000 in value in cases where no claim for the same is filed or bond given as required by customs laws.

Rule 81 of the Federal Rules of Civil Procedure  [this title] makes such rules applicable to the appeals in cases of seizures on land.  (See also *443*  1912, 33 S.Ct. 50, 226 U.S. 172, 57 L.Ed. 174 , and  C.C.A.1940, 108 F.2d 760 .)  The proceeding, which resembles a suit in admiralty in that it is begun by a libel, is, strictly speaking, an "action at law" ( The Sarah, 1823, 8 Wheat. 391, 21 U.S. 391, 5 L.Ed. 644 ;  Morris's Cotton, 1869, 8 Wall. 507, 75 U.S. 507, 19 L.Ed. 481 ;  Confiscation cases, 1873, 20 Wall. 92, 87 U.S. 92, 22 L.Ed. 320 ; *Eureka Productions v. Mulligan,* supra), even though the statute may direct that the proceedings conform to admiralty as near as may be.  *In re*  1870, 10 Wall. 541, 19 L.Ed. 981, and  *Cans of Frozen Egg Product v. United States,* supra.

Subsection (b) is in conformity with Rule 21 of the [former] Supreme Court Admiralty Rules [see, now, Rule C, Supplemental Rules for Certain Admiralty and Maritime Claims, this title], which recognizes that a libel may be filed upon seizure for any breach of any enactment of Congress, whether on land or on the high seas or on navigable waters within the admiralty and maritime jurisdiction of the United States.  Such rule also permits an information to be filed, but is rarely, if ever, used at present.  Consequently, "information" has been omitted from the text and only "libel" is incorporated.

2006 Acts.  House Conference Report No. 109-333 , see 2006 U.S. Code Cong. and Adm. News, p. 184.

Statement by President, see 2006 U.S. Code Cong. and Adm. News, p. S7.

### References in Text

The Federal Rules of Criminal Procedure, referred to in subsec. (c), are set out in the Appendix to Title 18, Rules of Criminal Procedure,  Fed.Rules Cr.Proc., Rule 1 et seq., 18 U.S.C.A .

Section 413 of the Controlled Substances Act, referred to in subsec. (c), is  Pub.L. 91-513, Title II, § 413 , as added  Pub.L. 98-473, Title II, § 303 , Oct. 12, 1984, 98 Stat. 2044, as amended, which is classified to  21 U.S.C.A. § 853 .  The Controlled Substances Act (CSA), is title II of  Pub.L. 91-513 , Oct. 27, 1970, 84 Stat. 1242, as amended, which is classified principally to subchapter I of chapter 13, of Title 21,  21 U.S.C.A. § 801 et seq.   For complete classification, see Short Title note set out under  21 U.S.C.A. § 801  and Tables.

Appellate Case: 25-1079     Page: 86     Date Filed: 07/21/2025 Entry ID: 5539506

**Amendments**

2006 Amendments. Subsec. (c).   Pub.L. 109-177 , § 410, rewrote subsec. (c), which formerly read: "If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the indictment or information in accordance with the Federal Rules of Criminal Procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set forth in section 413 of the Controlled Substances Act ( 21 U.S.C. 853 ), other than subsection (d) of that section."

2000 Amendments. Subsec. (c).   Pub.L. 106-185 , § 16, added subsec. (c).

**Effective and Applicability Provisions**

2000 Acts. Amendments by  Pub.L. 106-185  applicable to any forfeiture proceeding commenced on or after the date that is 120 days after Apr. 25, 2000, see  section 21 of Pub.L. 106-185 , set out as a note under  8 U.S.C.A. § 1324 .

## STATUTORY NOTES

### Federal Civil Penalties Inflation Adjustment

Pub.L. 101-410 , Oct. 5, 1990, 104 Stat. 890, as amended  Pub.L. 104-134, Title III, § 31001(s)(1) , Apr. 26, 1996, 110 Stat. 1321-373;  Pub.L. 105-362, Title XIII, § 1301(a) , Nov. 10, 1998, 112 Stat. 3293;  Pub.L. 114-74, Title VII, § 701(b) , Nov. 2, 2015, 129 Stat. 599, provided that:

"SHORT TITLE

"Section 1.   This Act may be cited as the 'Federal Civil Penalties Inflation Adjustment Act of 1990'.

"FINDINGS AND PURPOSE

"Sec. 2.   (a)  Findings.--The Congress finds that--

"(1)  the power of Federal agencies to impose civil monetary penalties for violations of Federal law and regulations plays an important role in deterring violations and furthering the policy goals embodied in such laws and regulations;

"(2)  the impact of many civil monetary penalties has been and is diminished due to the effect of inflation;

"(3)  by reducing the impact of civil monetary penalties, inflation has weakened the deterrent effect of such penalties; and

Appellate Case: 25-1079     Page: 87     Date Filed: 07/21/2025 Entry ID: 5539506

"(4) the Federal Government does not maintain comprehensive, detailed accounting of the efforts of Federal agencies to assess and collect civil monetary penalties.

"(b) Purpose.--The purpose of this Act is to establish a mechanism that shall--

"(1) allow for regular adjustment for inflation of civil monetary penalties;

"(2) maintain the deterrent effect of civil monetary penalties and promote compliance with the law; and

"(3) improve the collection by the Federal Government of civil monetary penalties.

"DEFINITIONS

"Sec. 3.   For purposes of this Act, the term--

"(1) 'agency' means an Executive agency as defined under section 105 of title 5, United States Code [ 5 U.S.C.A. § 105 ], and includes the United States Postal Service;

"(2) 'civil monetary penalty' means any penalty, fine, or other sanction that--

"(A)(i) is for a specific monetary amount as provided by Federal law; or

"(ii) has a maximum amount provided for by Federal law; and

"(B) is assessed or enforced by an agency pursuant to Federal law; and

"(C) is assessed or enforced pursuant to an administrative proceeding or a civil action in the Federal courts; and

"(3) 'Consumer Price Index' means the Consumer Price Index for all-urban consumers published by the Department of Labor.

"CIVIL MONETARY PENALTY INFLATION ADJUSTMENT REPORTS

"Sec. 4.   (a) In general.--Not later than July 1, 2016, and not later than January 15 of every year thereafter, and subject to subsections (c) and (d), the head of each agency shall--

"(1) in accordance with subsection (b), adjust each civil monetary penalty provided by law within the jurisdiction of the Federal agency, except for any penalty (including any addition to tax and additional amount) under the Internal Revenue Code of 1986 [ 26 U.S.C.A. § 1 et seq. ], or the Tariff Act of 1930 [ 19 U.S.C.A. § 1202 et seq. ], by the inflation adjustment described under section 5 of this Act; and

"(2)  publish each such adjustment in the Federal Register.

"(b)  Procedures for adjustments.--

"(1)  Catch up adjustment.--For the first adjustment made under subsection (a) after the date of enactment of the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 [Nov. 2, 2015]--

"(A)  the head of an agency shall adjust civil monetary penalties through an interim final rulemaking; and

"(B)  the adjustment shall take effect not later than August 1, 2016.

"(2)  Subsequent adjustments.--For the second adjustment made under subsection (a) after the date of enactment of the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 [Nov. 2, 2015], and each adjustment thereafter, the head of an agency shall adjust civil monetary penalties and shall make the adjustment notwithstanding  section 553 of title 5, United States Code .

"(c)  Exception.--For the first adjustment made under subsection (a) after the date of enactment of the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 [Nov. 2, 2015], the head of an agency may adjust the amount of a civil monetary penalty by less than the otherwise required amount if--

"(1)  the head of the agency, after publishing a notice of proposed rulemaking and providing an opportunity for comment, determines in a final rule that--

"(A)  increasing the civil monetary penalty by the otherwise required amount will have a negative economic impact; or

"(B)  the social costs of increasing the civil monetary penalty by the otherwise required amount outweigh the benefits; and

"(2)  the Director of the Office of Management and Budget concurs with the determination of the head of the agency under paragraph (1).

"(d)  Other adjustments made.--If a civil monetary penalty subject to a cost-of-living adjustment under this Act [this note] is, during the 12 months preceding a required cost-of-living adjustment, increased by an amount greater than the amount of the adjustment required under subsection (a), the head of the agency is not required to make the cost-of-living adjustment for that civil monetary penalty in that year.

"COST-OF-LIVING ADJUSTMENTS OF CIVIL MONETARY PENALTIES

"Sec. 5.    (a)  Adjustment.--The inflation adjustment under section 4 shall be determined by increasing the maximum civil monetary penalty or the range of

minimum and maximum civil monetary penalties, as applicable, for each civil monetary penalty by the cost-of-living adjustment. Any increase determined under this subsection shall be rounded to the nearest multiple of $1.

"(b) Definition.--

"(1) In general.--Except as provided in paragraph (2), for purposes of subsection (a), the term 'cost-of-living adjustment' means the percentage (if any) for each civil monetary penalty by which--

"(A) the Consumer Price Index for the month of October preceding the date of the adjustment, exceeds

"(B) the Consumer Price Index for the month of October 1 year before the month of October referred to in subparagraph (A).

"(2) Initial adjustment.--

"(A) In general.--Subject to subparagraph (C), for the first inflation adjustment under section 4 made by an agency after the date of enactment of the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 [Nov. 2, 2015], the term 'cost-of-living adjustment' means the percentage (if any) for each civil monetary penalty by which the Consumer Price Index for the month of October, 2015 exceeds the Consumer Price Index for the month of October of the calendar year during which the amount of such civil monetary penalty was established or adjusted under a provision of law other than this Act [this note].

"(B) Application of adjustment.--The cost-of-living adjustment described in subparagraph (A) shall be applied to the amount of the civil monetary penalty as it was most recently established or adjusted under a provision of law other than this Act [this note].

"(C) Maximum adjustment.--The amount of the increase in a civil monetary penalty under subparagraph (A) shall not exceed 150 percent of the amount of that civil monetary penalty on the date of enactment of the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 [Nov. 2, 2015].

"ANNUAL REPORT

"Sec. 6.    Any increase under this Act in a civil monetary penalty shall apply only to civil monetary penalties, including those whose associated violation predated such increase, which are assessed after the date the increase takes effect.

"IMPLEMENTATION AND OVERSIGHT ENHANCEMENTS

"Sec. 7.    (a)  OMB Guidance.--Not later than February 29, 2016, not later than December 15, 2016, and December 15 of every year thereafter, the Director of the

87

Office of Management and Budget shall issue guidance to agencies on implementing the inflation adjustments required under this Act [Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub.L. 114-74, Title VII, § 701 et seq., Nov. 2, 2015, 129 Stat. 599, which enacted this note and provisions set out as a note under 28 U.S.C.A. § 1 and amended provisions set out as a note under this section].

"(b) Agency financial reports.--The head of each agency shall include in the Agency Financial Report submitted under OMB Circular A-136, or any successor thereto, information about the civil monetary penalties within the jurisdiction of the agency, including the adjustment of the civil monetary penalties by the head of the agency under this Act [Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub.L. 114-74, Title VII, § 701 et seq., Nov. 2, 2015, 129 Stat. 599, which enacted this note and provisions set out as a note under 28 U.S.C.A. § 1 and amended provisions set out as a note under this section].

"(c) GAO review.--The Comptroller General of the United States shall annually submit to Congress a report assessing the compliance of agencies with the inflation adjustments required under this Act [Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub.L. 114-74, Title VII, § 701 et seq., Nov. 2, 2015, 129 Stat. 599, which enacted this note and provisions set out as a note under 28 U.S.C.A. § 1 and amended provisions set out as a note under this section], which may be included as part of another report submitted to Congress."

[ Pub.L. 104-134, Title III, § 31001(s)(2) , Apr. 26, 1996, 110 Stat. 1321-373, which provided that the first adjustment of a civil monetary penalty made pursuant to the amendment made by paragraph (1), which amend Pub.L. 101-410 , set out as above note, may not exceed 10 percent of such penalty, was repealed by Pub.L. 114-74, Title VII, § 701(c) , Nov. 2, 2015, 129 Stat. 601.]

[For authority of the Director of the Office of Management and Budget to consolidate reports required under the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub.L. 101-410 , set out above, to be submitted between Jan. 1, 1995, and Sept. 30, 1997, or to adjust their frequency and due dates, see section 404 of Pub.L. 103-356 , set out as a note under 31 U.S.C.A. § 501 .]

[Any reference in any provision of law enacted before Jan. 4, 1995, to the Committee on Government Operations of the House of Representatives treated as referring to the Committee on Government Reform and Oversight of the House of Representatives, except that any reference in any provision of law enacted before Jan. 4, 1995, to the Committee on Government Operations of the House of Representatives treated as referring to the Committee on the Budget of the House of Representatives in the case of a provision of law relating to the establishment,

Appellate Case: 25-1079    Page: 91    Date Filed: 07/21/2025   Entry ID: 5539506

extension, and enforcement of special controls over the Federal budget, see section 1(a)(6) and (c)(2) of Pub.L. 104-14 , set out as a note preceding 2 U.S.C.A. § 21 .]

## 12 C.F.R. § 4.2
## Office of the Comptroller of the Currency.

The OCC is charged with assuring the safety and soundness of, and compliance with laws and regulations, fair access to financial services, and fair treatment of customers by, the institutions and other persons subject to its jurisdiction. The OCC examines, supervises, and regulates national banks, Federal branches and agencies of foreign banks, and Federal savings associations to carry out this mission. The OCC also issues rules and regulations applicable to state savings associations.

Appellate Case: 25-1079    Page: 93    Date Filed: 07/21/2025 Entry ID: 5539506

## 12 C.F.R. § 19.5
## Authority of the administrative law judge.

(a) General rule. All proceedings governed by this part shall be conducted in accordance with the provisions of chapter 5 of title 5 of the United States Code. The administrative law judge shall have all powers necessary to conduct a proceeding in a fair and impartial manner and to avoid unnecessary delay.

(b) Powers. The administrative law judge shall have all powers necessary to conduct the proceeding in accordance with paragraph (a) of this section, including the following powers:

(1) To administer oaths and affirmations;

(2) To issue subpoenas, subpoenas duces tecum, and protective orders, as authorized by this part, and to quash or modify any such subpoenas and orders;

(3) To receive relevant evidence and to rule upon the admission of evidence and offers of proof;

(4) To take or cause depositions to be taken as authorized by this subpart;

(5) To regulate the course of the hearing and the conduct of the parties and their counsel;

(6) To hold scheduling and/or pre-hearing conferences as set forth in § 19.31;

(7) To consider and rule upon all procedural and other motions appropriate in an adjudicatory proceeding, provided that only the Comptroller shall have the power to grant any motion to dismiss the proceeding or to decide any other motion that results in a final determination of the merits of the proceeding;

(8) To prepare and present to the Comptroller a recommended decision as provided herein;

(9) To recuse himself or herself by motion made by a party or on his or her own motion;

(10) To establish time, place and manner limitations on the attendance of the public and the media for any public hearing; and

(11) To do all other things necessary and appropriate to discharge the duties of a presiding officer.

Appellate Case: 25-1079     Page: 94     Date Filed: 07/21/2025 Entry ID: 5539506

## 12 C.F.R. § 19.29
## Summary disposition.

(a) In general. The administrative law judge shall recommend that the Comptroller issue a final order granting a motion for summary disposition if the undisputed pleaded facts, admissions, affidavits, stipulations, documentary evidence, matters as to which official notice may be taken, and any other evidentiary materials properly submitted in connection with a motion for summary disposition show that:

(1) There is no genuine issue as to any material fact; and

(2) The moving party is entitled to a decision in its favor as a matter of law.

(b) Filing of motions and responses.

(1) Any party who believes there is no genuine issue of material fact to be determined and that he or she is entitled to a decision as a matter of law may move at any time for summary disposition in its favor of all or any part of the proceeding. Any party, within 20 days after service of such a motion, or within such time period as allowed by the administrative law judge, may file a response to such motion.

(2) A motion for summary disposition must be accompanied by a statement of the material facts as to which the moving party contends there is no genuine issue. Such motion must be supported by documentary evidence, which may take the form of admissions in pleadings, stipulations, depositions, investigatory depositions, transcripts, affidavits and any other evidentiary materials that the moving party contends support his or her position. The motion must also be accompanied by a brief containing the points and authorities in support of the contention of the moving party. Any party opposing a motion for summary disposition must file a statement setting forth those material facts as to which he or she contends a genuine dispute exists. Such opposition must be supported by evidence of the same type as that submitted with the motion for summary disposition and a brief containing the points and authorities in support of the contention that summary disposition would be inappropriate.

(c) Hearing on motion. At the request of any party or on his or her own motion, the administrative law judge may hear oral argument on the motion for summary disposition.

(d) Decision on motion. Following receipt of a motion for summary disposition and all responses thereto, the administrative law judge shall determine whether the

moving party is entitled to summary disposition. If the administrative law judge determines that summary disposition is warranted, the administrative law judge shall submit a recommended decision to that effect to the Comptroller. If the administrative law judge finds that no party is entitled to summary disposition, he or she shall make a ruling denying the motion.

Appellate Case: 25-1079    Page: 96    Date Filed: 07/21/2025 Entry ID: 5539506

## 12 C.F.R. § 19.39
## Exceptions to recommended decision.

(a) Filing exceptions. Within 30 days after service of the recommended decision, findings, conclusions, and proposed order under § 19.38, a party may file with the Comptroller written exceptions to the administrative law judge's recommended decision, findings, conclusions or proposed order, to the admission or exclusion of evidence, or to the failure of the administrative law judge to make a ruling proposed by a party. A supporting brief may be filed at the time the exceptions are filed, either as part of the same document or in a separate document.

(b) Effect of failure to file or raise exceptions.

> (1) Failure of a party to file exceptions to those matters specified in paragraph (a) of this section within the time prescribed is deemed a waiver of objection thereto.

> (2) No exception need be considered by the Comptroller if the party taking exception had an opportunity to raise the same objection, issue, or argument before the administrative law judge and failed to do so.

(c) Contents.

> (1) All exceptions and briefs in support of such exceptions must be confined to the particular matters in, or omissions from, the administrative law judge's recommendations to which that party takes exception.

> (2) All exceptions and briefs in support of exceptions must set forth page or paragraph references to the specific parts of the administrative law judge's recommendations to which exception is taken, the page or paragraph references to those portions of the record relied upon to support each exception, and the legal authority relied upon to support each exception.

Appellate Case: 25-1079    Page: 97    Date Filed: 07/21/2025 Entry ID: 5539506

# 12 C.F.R. § 19.40
## Review by the Comptroller.

(a) Notice of submission to the Comptroller. When the Comptroller determines that the record in the proceeding is complete, the Comptroller shall serve notice upon the parties that the proceeding has been submitted to the Comptroller for final decision.

(b) Oral argument before the Comptroller. Upon the initiative of the Comptroller or on the written request of any party filed with the Comptroller within the time for filing exceptions, the Comptroller may order and hear oral argument on the recommended findings, conclusions, decision, and order of the administrative law judge. A written request by a party must show good cause for oral argument and state reasons why arguments cannot be presented adequately in writing. A denial of a request for oral argument may be set forth in the Comptroller's final decision. Oral argument before the Comptroller must be on the record.

(c) Comptroller's final decision.

    (1) Decisional employees may advise and assist the Comptroller in the consideration and disposition of the case. The final decision of the Comptroller will be based upon review of the entire record of the proceeding, except that the Comptroller may limit the issues to be reviewed to those findings and conclusions to which opposing arguments or exceptions have been filed by the parties.

    (2) The Comptroller shall render a final decision within 90 days after notification of the parties that the case has been submitted for final decision, or 90 days after oral argument, whichever is later, unless the Comptroller orders that the action or any aspect thereof be remanded to the administrative law judge for further proceedings. Copies of the final decision and order of the Comptroller shall be served upon each party to the proceeding, upon other persons required by statute, and, if directed by the Comptroller or required by statute, upon any appropriate state or Federal supervisory authority.

Appellate Case: 25-1079     Page: 98     Date Filed: 07/21/2025 Entry ID: 5539506

Respectfully submitted,

Stuart Feldstein, Acting Principal
Deputy Chief Counsel
Patricia S. Grady, Deputy Chief
Counsel
Peter C. Koch, Director for Litigation
*/s/ Daniel Prieve*
Daniel Prieve, Counsel
Hannah Hicks, Counsel
Derick Fong, Attorney
Kristin M. McManus, Attorney
Attorneys for Respondent Office of
the Comptroller of the Currency

July 18, 2025

## CERTIFICATE OF SERVICE

I, Daniel Prieve, counsel for Respondent Office of the Comptroller of the Currency, hereby certify that on July 18, 2025, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Daniel Prieve*
Daniel Prieve, Counsel
Counsel for Respondent Office of the
Comptroller of the Currency
400 7th Street S.W.
Washington, D.C. 20219

Appellate Case: 25-1079     Page: 100     Date Filed: 07/21/2025 Entry ID: 5539506